Merwin, J.
—The defendants claim that the deeds to the plaintiff do not operate to vest in him the title in fee to any part of Brown street. This claim, I am inclined to think, is correct. Two of the plaintiff’s lots were conveyed to him in one deed, dated November 20, 1866, and the other by deed, dated December 3, 1872. Of the two lots in the earlier deed, the one first described, and on which are the main buildings, very definitely in its description excludes the street; about the other there is room for question. Three of the four sides abut on streets, and these three are first bounded in the description. The starting point and the first line exclude the street clearly. The next two lines go generally to the street, but the distances as given in feet would exclude the streets. The distance on the first line would exclude the street. So that, if the distances as given are to control, the street is excluded. If the starting point and first line are deemed paramount indications of intention, the same result would follow'.
It does not appear whether plaintiff’s grantor owned the fee of the street. The fact that -in the first and main piece the street is definitely excluded, would lead to the idea that if the design had been to include *285 the streets in the second piece, such design would have been clearly expressed.
Under the circumstances, I am inclined to think tiiat the distances should be deemed controlling (White’s Bank of Buffalo v. Nichols, 64 N. Y. 65, 71; Kings County Fire Ins. Co. v. Stevens, 87 Id. 287; English v. Brennan, 60 Id, 609; Tyler v. Hammond, 11 Pick, 193).
But the plaintiff has clearly a cause of action, although the fee of the street is not in him. He by his deed has an easement (White’s Bank of Buffalo v. Nichols, 64 N. Y. 65, 73), which, according to the doctrine laid down in Story v. N. Y. Elevated R. R. Co. (90 N. Y. 122, 179), and approved in Mahady v. Bush-wick R. R. Co. (91 N. Y. 148, 153), the defendants have no right to interfere with, in the manner they have done, without compensation.
The right of plaintiff to,the form of remedy which he seeks, is established by Williams v. N. Y. Central, &c. R. R. Co. (16 N. Y. 97); Henderson v. N. Y. Central, &c. R. R. Co. (78 N. Y. 423, 428). The plaintiff’s easement was property, for the taking or injury of which plaintiff was entitled to just compensation with reference to real or supposed benefits (2 R. S. [7 ed.] 1551, § 16).
As to the measure of damages, both sides adopted the theory on the trial, that it was the difference between the market value before and after the construction and operation of the railroad. I see no objection to this rule (Henderson v. N. Y. Central, &c. R. R. Co., 78 N. Y, 423; Matter of N. Y., Lackawanna, &c. R. R. Co., 29 Hun, 3; Matter of Prospect Park, &c. R. R. Co., 13 Id. 345, 347).
Upon the subject of the value before and after, the evidence is quite conflicting. It being all a matter of opinion, there is almost necessarily a great variety.
*286 Taking the evidence all together, I am of the opinion the damages should be placed at the sum of $4,000.
The plaintiff is entitled to judgment similar to the form approved in Henderson v. N. Y. Central, &c. R. R. Co. (78 N. Y. 423, 428) *
Defendants’ appeal was dismissed as not having been taken .in due time.
*287 Note.—In Norton v. Hughes (Supreme Court, First District; Special Term, March, 1885), it was held, that where in a description in a deed, reference is made to an avenue line, and there are two lines, one being the original line of the avenue, and the other the line of said avenue as widened, although not opened, and either line may be meant, the line which was intended to be referred to by the parties should control the description.
Trial by the court.
This was an action to reform the description in a deed of premises situated on the southerly side of One Hundred and Twenty-first street in the city of New York, executed and delivered by the defendants to the plaintiff.
The premises conveyed were a house and the lot on which it was erected, being seventeen feet wide in front and rear, by one hundred feet eleven inches in depth on each side. In the deed, the starting point in the description was stated as follows : u Beginning at a point on the southerly side of 121st street, distant 83 feet easterly from the south-easterly corner of said street and Madison avenue, formerly called a New avenue, east of Mount Morris park ; thence, running southerly,” &c. As described in the contract of sale pursuant to which this conveyance was executed and delivered, the starting point was stated to be eighty-three feet from Madison avenue, without mentioning New avenue.
The New avenue referred to was opened by the commissioners appointed to lay out Mount Morris square, under L. 1836, c, 280, and its easterly line was located four hundred and five feet west of Fourth *288 avenue (L. 1887, c. 274, § 3). The easterly line of Madison avenue which had been laid out to One Hundred and Twentieth street, by L. 1867, c. 403, was located four hundred feet westerly from Fourth avenue. By L. 1872, c. 220, the lines from Madison avenue were extended from One Hundred and Twentieth street to One Hundred and Twenty-fourth street, thus overlapping and widening New avenue five feet on the easterly side.
No proceedings have ever been taken by the city to acquire the five feet thus turned into Madison avenue. By written agreement between a prior owner of the premises and the owner of the lot adjoining on the east, the wall erected one-half on the land of each, was declared to be a party-wall. This wall was located one hundred feet east of Madison avenue, as fixed by the act of 1872.
H. G. Batcheller, for the plaintiff.
John C. Gulich, for the defendants.
Andrews, J.—The consideration for the conveyance made by Hughes to the plaintiff, arose out of a contract made between Lottie L. Dean and the husband of the plaintiff. Hughes was merely the medium through whom the conveyance was made. The boundary of the premises on the westerly side, as described in the contract, was from the east side of Madison avenue. This description was retained in the conveyance, although Madison avenue was mentioned as having been “formerly called a New avenue,' east of Mount Morris Park. ” The parties to the conveyance recognized Madison avenue as a street laid out by chapter 220 of the Laws of 1872. The party-wall through which the eastern boundary is stated to run is distant one hundred feet from the easterly side of Madison avenue as laid out by said statute; and I have no doubt that the parties understood and intended, that the description should commence, and that by the language used in the deed,.it did commence at the easterly side of Madison avenue, as so laid out, and not at the easterly side of the so-called New avenue.
It seems to me that this disposes of the plaintiff’s case, and that the complaint must be dismissed, with costs.
In the recent case of Satterly v. Winne, the rule that a boundary by a road will be referred to the center line, was applied, even though the road had never been legally laid out (N. Y. Ct. of App., Jan. 19, 1886, 3 Eastern Rep. 744, to appear probably in 101 N. Y.).
It was held at the same time in Maston v. Olcott, that where premises are described in a complaint in partition, by course and distance, and also by the name of the lot, it being one which had been *289 enclosed for many years by fixed monuments, the latter will control if the descriptions are irreconcilable ; and in this case, change of boundary made by agreement of owners, followed by many years’ possession during which the premises were known as the old Savv Mill lot, was held to control, and the judgment in partition to estop the parties to that action from claiming under the old description in the title deeds.

 Judgment was settled in the following form.
[After reciting the trial and decision.]
Adjudged and decreed, that the plaintiff, Joseph Talker, has a ¡right or privilege in the street known as Brown street, situate in the city of Syracuse, Onondaga county, N. Y., which entitles him to have the same kept open and continued as a public street for the benefit of his abutting property, which is described as follows : [description.]
That the alley referred to in the foregoing description as the southern boundary of said premises is known in the city of Syracuse as Brown street, and has for more than thirty years past been-used and occupied by the public as a thoroughfare and public highway, and particularly by those persons owning lots abutting upon said street, who have used said street for the purpose of obtaining egress and ingress to and from the rear of their lots into said street.
It is further adjudged and decreed that the right or privilege in said Brown street, owned by the plaintiff as aforesaid, constitutes an easement in the bed of said street which attaches to his abutting property above described and constitutes private property within the meaning of the constitution, of which lie cannot be deprived without compensation.
It is further adjudged and decreed that the railroad constructed by the defendants in and through said Brown’.street is inconsistent with the use of said street as a public highway.
It is further adjudged and decreed that the plaintiff’s property has been taken and appropriated by said defendants without right, and that the plaintiff has a right by injunction to restrain the construction and continuance of said railroad.
It is farther adjudged and decreed that the plaintiff has by reason of the construction of the defendants’ said railroad sustained damages to the amount of $4,000 as of May 21, 1884.
It is further adjudged and decreed that if the plaintiff within thirty days after the entry of this judgment shall tender the defend *287 ant, the New York, West Shore and Buffalo Railway Company, a release from all claim for damages arising from the location, construction and use of its railroad in and through said Brown street, that then said defendant, the New York, West Shore and Buffalo Railway Company, shall pay to the plaintiff the sum of $1,326.31, being the amount of the damages sustained by the plaintiff as aforesaid with interest thereon from May 21, 1884, and in default of such payment within sixty days after the tender of such release by the plaintiff, said defendants shall be enjoined from using said railroad upon said Brown street in front of the premises of the plaintiff above described.
It is further adjudged and decreed that the plaintiff is entitled to judgment against the said defendant for the sum of $4,326.31, being the amount of his damages with interest thereon from May 21, 1884, as aforesaid, and $196.31, being the amount of his costs in this action, and that the said plaintiff have execution therefor.

 See Norton v. Hughes, post, p. 287, note.