in the survivor, and that, on the death of one, the title of the survivor related back to the date of the original transfer.

It is of no importance to consider whether or not these transfers bestowed title or ownership at the time when the mortgages were assigned. If the claim of the executrix in this respect were conceded, the transfers would nevertheless be taxable under the expressions of the statute. It is apparent that the decedent, under the several assignments, received a right, at least equal to that of her associate assignee, to collect interest upon the mortgages. While it does not affirmatively appear, the presumption must be that each of the assignees reserved the right to interest on one-half of the investment. Hence, as to the one-half of the securities involved in this discussion, the decedent held an interest which can be likened to an intermediate estate for her own life; and the daughter (the other assignee) took a remainder which, under the language of the Tax Law (Consol. Laws 1909, c. 60, § 220), was a transfer "intended to take effect in possession or enjoyment" upon the death of the decedent. Matter of Green, 153 N. Y. 223, 47 N. E. 292; Matter of Brandreth, 169 N. Y. 437, 62 N. E. 563, 58 L. R. A. 148; Matter of Cornell, 170 N. Y. 423, 63 N. E. 445; Matter of Keeney, 194 N. Y. 281, 87 N. E. 428.

Order appealed from affirmed.

---

### PFOHL et al. v. INTERNATIONAL RY. CO.

(Supreme Court, Special Term, Erie County.   June, 1912.)

EMINENT DOMAIN (§ 119*)—STREET RAILROAD—ADDITIONAL BURDEN—RIGHTS OF ABUTTING OWNERS.

   An abutting owner, who has no title to the fee of the street, may not complain of the construction and operation under a franchise of a street surface railroad operating by horse or electric power.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 304–314; Dec. Dig. § 119.*]

Action by Henry P. Pfohl and another against the International Railway Company. On motion by defendant to vacate a temporary injunction restraining it from operating a street railway in front of plaintiff's premises and to dismiss the complaint. Granted.

Alfred L. Becker and Dana L. Spring, for the motion.
Mark P. Kerr, opposed.

BROWN, J. The plaintiffs are the owners of lots 67 and 68 on the south side of Burnett Road; the north bounds of the lots being the south line of the highway. The plaintiffs do not own to the center of the highway. They are owners of lots abutting on the highway. The plaintiffs claim that as such owners they have an easement and vested right in the highway, and that the operation of the street surface railway by the trolley system will irreparably injure this easement and vested right, for which they have no adequate remedy at law, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that they are entitled to restrain such operation of the street surface railway until compensation is paid them for such injury.

The defendant has a franchise for such occupation of the highway. The authorities relied upon by the plaintiff are Falker v. N. Y. W. S. Ry. Co., 17 Abb. N. C. 279, Story v. N. Y. E. R. R. Co., 90 N. Y. 122, 43 Am. Rep. 146, and Peck v. Schenectady Ry. Co., 170 N. Y. 298, 63 N. E. 357. In the Falker Case the plaintiff was an abutting owner, and the proposed railroad through the street was a steam railroad operated by locomotives. It was held that the occupation of the street by a steam railroad was inconsistent with the use of the street as a public highway. In the Story Case the plaintiff cwned to the center of the street, and it was held that the erection of columns and iron posts in front of plaintiff's premises upon which to construct and operate an elevated steam railway interfering with plaintiff's right to air, light, and access to the street, etc., was an infringement upon plaintiff's rights. In the Peck Case the plaintiff was the owner of the fee of the street, subject to the public use thereof as a highway, and it was held that the operation of a street surface railroad by electric power imposed an additional burden upon the property rights of the owners of the fee, subject to the public easement for street purposes.

It is clearly the law that an abutting owner who has no title to the fee of the street cannot complain of the construction and operation of a street surface railway operated by horse or electric power through the street. As was said by Judge Andrews in Reining v. N. Y., L. & W. Ry., 128 N. Y. 163, 28 N. E. 640, 14 L. R. A. 133, the distinction is made to rest on the location of the fee. When the abutting owner is also the owner of the fee of the highway, the taking of such fee for street railroad purposes imposes an additional burden upon such ownership of the street. Kennedy v. Mineola Traction Co., 77 App. Div. 484, 78 N. Y. Supp. 937; Reining v. N. Y., L. & W. R. R., 128 N. Y. 157, 28 N. E. 640, 14 L. R. A. 133; Peck v. Schenectady Ry. Co., 170 N. Y. 298, 63 N. E. 357.

The temporary injunction must be vacated. The defendant's motion for judgment dismissing plaintiff's complaint on the pleadings must be granted.