CELESTIAL REALTY CO., INC., Plaintiff, *v.* EVERSLEY CHILDS, Defendant.

(Supreme Court, New York Special Term, July, 1917.)

Specific performance — when decreed — contract for purchase and sale of real property — title — encroachments — statutes.

A contract for the purchase and sale of certain real property in the city of New York described the premises as on the corner of Madison avenue, 400 feet west of Park avenue, the physical line of Madison avenue at that point adopted by owners of property in the block. In a vendee's action to recover the down payment and expenses of examination of title it appeared that prior to 1872 property on the block in which the premises are situated was bounded on the west by New avenue which carried the westerly line of the block 405 feet west of Park avenue and that in that year (Laws of 1872, chap. 220, § 2) the legislature undertook to extend the easterly line of Madison avenue, as it existed above and below, through the four blocks between One Hunded and Twentieth and One Hundred and Twenty-fourth streets. This would have widened New avenue by five feet and changed it to Madison avenue and confined the westerly line of the avenue lots to a distance of 400 feet west of Park avenue, and though no condemnation proceedings were taken the block was built upon in conformity with the new line proposed as Madison avenue and conveyances were made with reference thereto by describing it as 400 feet west of Park avenue. *Held*, that the fact that the easterly

line of New avenue as laid out was five feet west of the line actually adopted did not make the defendant's title unmarketable.

The encroachments of the wall of the building, erected in 1881, four and one-quarter inches and the chimneys eight and one-half inches on One Hundred and Twentieth street are permissible within the terms of chapter 646 of the Laws of 1899.

Encroachments by show windows, stoop, areas and steps in excess of those permitted by ordinance, and by sills and lintels up to four inches and cornices to the extent of two feet four inches, being easily removed or restricted within proper limits without seriously affecting the building, did not render the title unmarketable.

ACTION by vendee against vendor for the recovery of down payment and expenses of examination of title in contract for purchase and sale of real property.

Eli S. Wolbarst, for plaintiff.

Edo E. Marcelis, for defendant.

GUY, J.    Action by vendee against vendor in contract for purchase and sale of real property for the recovery of down payment and expenses of examination of title.    Defendant counterclaims for specific performance.    The property is described in the contract as " beginning at the corner formed by the intersection of the northerly side of 120th street with the easterly side of Madison avenue, which point is distant four hundred feet westerly from the westerly side of Park avenue."    It appears that prior to 1872 property on the avenue block in which the premises are situated was bounded on the west by New avenue, which carried the westerly line of the block 405 feet west of Park avenue, and that in the year referred to the legislature (chap. 220, § 2) undertook to extend the easterly line of Madison avenue, as it existed

above and below, through the four blocks between One Hundred and Twentieth and One Hundred and Twenty-fourth streets. This would have widened New avenue by 5 feet and changed it to Madison avenue, and confined the westerly line of the avenue lots to a distance of 400 feet west of Park avenue. Though no condemnation proceedings were taken, the block was built upon in conformity with the new line proposed as Madison avenue, and, at least since 1881, conveyances were made with reference to the proposed line, which was made definite by describing it as 400 feet west of Park avenue. The contract describing the property as on the corner of Madison avenue, 400 feet west of Park avenue, being the physical line of Madison avenue at that point adopted by owners of property in the block, the open, visible, actual corner was referred to, not any street or corner existing on a map or other paper, and the fact that the easterly line of New avenue as laid out was 5 feet west of the line actually adopted does not, under the circumstances, make defendant's title unmarketable. *Blackman* v. *Riley,* 138 N. Y. 318, 326; *Singer* v. *City of New York,* 47 App. Div. 42; *King* v. *City of New York,* 102 N. Y. 172; *Norton* v. *Hughes,* 17 Abb. N. C. 287. There was no fraud on the part of the defendant in describing the property which warrants the reformation of the contract as prayed for. Nor do the conceded encroachments require the rejection of the title. In *Acme Realty Co.* v. *Schinasi,* 154 App. Div. 397; affd., 215 N. Y. 495, it was held that bay windows of masonry extending from the basement to the top of a seven-story building, and forming an integral part of the street front, which projected one foot beyond the building line, were such encroachments as rendered the title unmarketable. But the building in that case was erected in 1901, so that there the vendor could not

have the benefit of the statute (Laws 1899, chap. 646), providing that: "If the front or other exterior wall of any building now standing in said county [New York] shall extend not more than ten inches upon any street, avenue or public place, such wall shall not be removable, unless an action or proceeding shall be instituted by or in behalf of the city of New York within the period of one year from the passage of this act, for the removal of said wall  *  *  *  And if a structure, part of a building now standing in said county, known as a bay-window or oriel window, shall extend not more than twelve inches upon any street, avenue or public place, said structure shall not be removable unless " an action or proceeding shall be instituted by the city for the removal of the structure within a year from the passage of the act. In the present case the wall of the building, erected in 1881, encroaches four and a quarter inches and the chimneys eight and a half inches on One Hundred and Twentieth street, and within the terms of the statute they are permissible. The survey also shows encroachments by show windows, stoop, areas and steps in excess of those permitted by ordinance, and by sills and lintels up to four inches, and cornices to the extent of two feet four inches. As to these encroachments, however, I find, as was stated by the court respecting similar encroachments in the *Acme Realty Co.* case, that they may be easily removed or restricted within proper limits without seriously affecting the building, and therefore do not render the title unmarketable. Complaint dismissed and specific performance decreed for defendant, with costs.

Ordered accordingly.