Tofelie Klimas, Plaintiff, *v.* Pauline Brumbach,
Defendant.

(Supreme Court, Queens County, July, 1921.)

Vendor and purchaser — unmarketable title to real estate — en-
croachment of five inches beyond street line.

> Where encroachments of a building extending about five inches
> beyond the street line are common in the neighborhood, an in-
> tending purchaser under a contract which provides for a deed
> subject to covenants and restrictions running with the land,
> will not be compelled to complete his purchase although no
> action has as yet been taken by public authorities toward requir-
> ing the encroachments to be removed, the cost of which might
> exceed $3,000.

> In an action by the intending vendee to impress a lien upon
> the property for the amount paid by him on the contract and
> for title examination the plaintiff is entitled to judgment.

Action to impress lien upon real property.

Hirsch, Newman & Reass, for plaintiff.

Charles Oechler, for defendant.

Van Siclen, J.   The plaintiff sues to impress a lien
upon real property which he contracted to buy for the
amount that he paid down on the contract and search-
ing fees.   The plaintiff claims the title is unmarket-
able because of an easement and certain encroach-
ments of the building.   The contract provided for a
deed subject to " Covenants and restrictions running
with the land " and it would seem that the exception
was broad enough to cover the easement in question.
*Dime Savings Bank* v. *Butler,* 167 App. Div. 257;
affd., 215 N. Y. 708.

The encroachments consist of store windows, cellar
doors, steps, fire escapes, cornices and pilasters, all

extending over the street line. The pilasters are four in number constructed of brick and of course built more or less into the walls of the building. The largest extent to which the pilasters encroach is about five inches. The rule in such cases has been stated in *Acme Realty Co. v. Schinasi,* 215 N. Y. 495, as follows: " In these circumstances it cannot be said that a vendor has a marketable title if his building encroaches upon the public street to such an extent as to threaten a vendee with a substantial loss in the fee and rental value of the premises and a burdensome expense in altering the building to meet the requirements of the law. A vendee has the right to a title that will enable him to hold his land in peace, and to be reasonably sure that no flaw or doubt will arise to affect its marketable quality and value. '(*Vought* v. *Williams,* 120 N. Y. 253, 257; *Blanck* v. *Sadlier,* 153 id. 551, 556; *Moot* v. *Business Men's Investment Assn.,* 157 id. 201; *McPherson* v. *Schade,* 149 id. 16; *Heller* v. *Cohen,* 154 id. 299, 306.) "

Practically all of the encroachments mentioned have been disregarded in various decisions. *Acme Realty Co.* v. *Schinasi,* 154 App. Div. 397; *Celestial Realty Co.* v. *Childs,* 100 Misc. Rep. 532. In the *Acme* case the court found it impossible to ignore oriel windows of solid masonry construction from the foundation up which encroached one foot over the street line because they could not be removed without defacing the entire building, but platforms, steps and show windows were not considered serious.

In the instant case the encroachments complained of appear to be common in the neighborhood in question and no action as yet has been taken by the authorities toward requiring their removal. The failure to do so does not preclude them, however, from enforcing the law at any time. It cannot be said that

the removal of these encroachments would decrease the rental value of the premises and yet the testimony is that the cost of their removal might exceed $3,000 which must be held to be burdensome. So that it might be said that the enforced removal of same might entail a decrease in fee value.

I cannot find any authority nor has one been cited to the effect that the exception in the contract would cover encroachments visible upon inspection but not discoverable without a survey. In this case they are eighteen in number although it is the four brick pilasters that are the more serious. Unquestionably the authorities could and might at any time be disposed to require the removal of a substantial portion of these encroachments and in such an event the cost would be such as to constitute a " burdensome expense." It does not seem that the purchaser should be compelled to complete his purchase. Judgment will be directed for the plaintiff for the amount paid on the contract and for title examination.

Judgment for plaintiff.