NATHAN GELMAN, Plaintiff, *v.* JOHN WILLIAM HERRMANN and JULIA CATHERINA HERRMANN, Defendants.

Supreme Court, Erie Equity Term, March, 1922.

Specific performance — real property — city of Buffalo — when bay windows extending over street line do not render title to property unmarketable.

The plaintiff, under a contract to purchase certain premises located more than a mile from the business center of the city, declined to accept the title tendered on the ground that certain bay windows twelve feet above the sidewalk and extending about one and one-half feet over the building line were enroachments upon the street and rendered the title unmarketable. In an action to recover the money paid at the execution of the contract, and the expense of investigating the title, *held*, that as the likelihood of interference with the bay windows by the city is very remote, the expense of reconstruction slight and the value of the premises in nowise affected by the encroachments, which are trivial, the complaint will be dismissed and the defendants awarded judgment for the specific performance of the contract on the part of plaintiff.

ACTION to determine marketable title to real estate.

*Schaffer & Sicherman*, for plaintiff.

*W. J. Hutchinson*, for defendants.

BROWN, J.  Defendants agreed to convey to plaintiff a good and marketable title to a certain lot on the corner of Jefferson and Peckham streets, Buffalo, including all the building and improvements.  On the Peckham street side of the building are four bay windows, two on the second story and two on the third story, extending out from the building and encroaching about one and one-half feet over the building line into Peckham street, the westerly bay windows being twenty feet east of Jefferson street and the easterly ones being forty feet from the east end of the building, the bay windows on the second story being twelve feet above the sidewalk.  The building is a brick structure, the bay windows constructed of wood and supported by timbers extending from the interior of the building through the brick window openings on the level of the floors of the second and third stories.  The bay windows could easily be removed, remodelled and replaced flush with the south front of the building at an expense of $300.  The plaintiff declined to accept the title tendered by the defendants, alleging that such bay windows so encroaching upon the street rendered the title unmarketable, and brought this action to recover the payment made at the execution of the contract, and his expense in investigating the title.  The defendants allege that such encroachments do not render the title unmarketable and demand judgment that plaintiff specifically perform and pay the balance of the consideration, the sum of $20,300.

Section 163 of the Building Code of the city of Buffalo provides that bay windows may project over the street line three feet, provided they are ten feet above the sidewalk.  The building was erected upon plans and specifications filed with, and permission granted by, the proper authorities of the city.  For twenty years it has been the policy of the city of Buffalo to permit such encroachments to be constructed, and never have any steps been taken to compel the removal of any bay windows.  Of course, the municipality has no power to grant an exclusive privilege of a permanent encroachment upon the highway.  An ordinance granting such a privilege would be void.  Such an ordinance, however, does indicate the policy of the municipality when limited to bay windows many feet above the sidewalk and extending over the building line an insufficient distance to interfere with public or private use of the highway.  When the policy of the municipality is to permit the encroachment of such a trivial nature as of a bay window twelve feet above the sidewalk, extending one and one-half

feet over the street line; and there is no reasonable likelihood of interference therewith, courts have held, uniformly, that such encroachments do not make the title to the building unmarketable. *Levy* v. *Hill*, 70 App. Div. 95; affd., 174 N. Y. 536; *Celestial Realty Co., Inc.* v. *Childs*, 100 Misc. Rep. 532, 535; *Moser* v. *Cochrane*, 107 N. Y. 35, 41; *Ungrich* v. *Shaff*, 119 App. Div. 843, 844; *Broadbelt* v. *Loew*, 15 id. 343; affd., 162 N. Y. 642.

With the change of the municipal policy, and the requiring of the removal of all such encroachments, the courts have held that it cannot be said that a vendor has a marketable title if his building encroaches upon the public street to such an extent as to threaten a vendee with a substantial loss in the fee and rental value of the premises, and a burdensome expense in altering the building to meet the requirements of the law. *Ackerman* v. *True*, 175 N. Y. 353; *City of New York* v. *Rice*, 198 id. 124; *Acme Realty Co.* v. *Schinasi*, 215 id. 495; *Levy Corp.* v. *Dick*, 116 Misc. Rep. 145.

With the attitude of the municipality toward such encroachments unknown, their existence has been held to make a title unmarketable when they are of a substantial nature, and the cost of their removal would be burdensome. *Klimas* v. *Brumbach*, 116 Misc. Rep. 299.

The premises in question are more than a mile from the business center of Buffalo; the likelihood of interference with the bay windows is very remote; the expense of reconstruction is very slight; the encroachment is trivial; the rental value of the premises is not affected; the value of the premises has in no wise suffered.

The plaintiff's complaint will be dismissed. Judgment awarded the defendants that the plaintiff specifically perform the contract, together with costs.

Judgment accordingly.