CELESTIAL REALTY COMPANY, INC., Appellant, v. EVERSLEY CHILDS, Respondent.

First Department, March 8, 1918.

Real property — contract for sale — description of property by metes and bounds — specific performance — inability of vendor to give good title.

A vendor of a corner lot, who has agreed to sell the same by a contract describing the property by metes and bounds beginning at a corner formed by the intersection of two streets, is not entitled to a specific performance of the contract, where there is no evidence to show that he has title to a certain portion of the lot which the city of New York has authority, which it has not exercised, to take by condemnation for street purposes.

APPEAL by the plaintiff, Celestial Realty Company, Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 9th day of August, 1917, dismissing the complaint and granting judgment for the defendant for the specific performance of a contract for the sale of real estate, upon the decision of the court after a trial at the New York Special Term.

*Eli S. Wolbarst,* for the appellant.

*Edo E. Mercelis,* for the respondent.

PAGE, J.:

The plaintiff and the defendant entered into a contract for the sale by the defendant to the plaintiff of a certain parcel of real estate bounded and described as follows:

" Beginning at the corner formed by the intersection of the northerly side of One Hundred and Twentieth Street with the Easterly side of Madison Avenue, which point is distant 400 feet westerly from the westerly side of Park Avenue and running thence easterly along the northerly side of One Hundred and Twentieth Street 83 feet; thence northerly parallel with the westerly side of Madison Avenue 17 feet, 9 inches; thence westerly parallel with the northerly side of One Hundred and Twentieth Street and part of the way through

a party wall 83 feet to the easterly side of Madison Avenue; and thence southerly along the easterly side of Madison Avenue, 17 feet, 9 inches to the point or place of beginning."

The plaintiff agreed to pay the sum of $13,250 therefor, $750 to be paid upon the signing of the agreement and $12,500 as thereinafter provided. It developed upon an examination of the title that the corner formed by the intersection of the northerly side of One Hundred and Twentieth street and the easterly side of Madison avenue as legally opened, was distant 405 feet from Park avenue, and that the point 400 feet westerly from Park avenue was where the line of Madison avenue would have been had the avenue been widened in pursuance of chapter 220 of the Laws of 1872, which provided for a continuation of the line of Madison avenue as established by the act of 1869 (Chap. 560) from One Hundred and Twentieth to One Hundred and Twenty-fourth streets. This act had the effect of authorizing the city of New York to take such parcel by condemnation proceedings for the purpose of widening the avenue. The city, however, never acted under this authority. Therefore, the easterly line of Madison avenue remained and still remains as it had been originally established, and the owners of the lots fronting upon said avenue retain full title to their lots, but with the notice that the Legislature had authorized the change of the map so that the city could at any time institute proceedings to condemn this strip. There would be no difficulty in locating the point of beginning at the corner formed by the intersection of Madison avenue and One Hundred and Twentieth street at a point distant 405 feet instead of 400 feet, as the corner being a monument would control the distance. It evidently being the intention of the parties to agree for the conveyance of a corner lot fronting both on Madison avenue and One Hundred and Twentieth street, effect would be given to the intention of the parties by so placing the point of beginning; but we then are confronted with two difficulties: The first is that it is doubtful whether the defendant has title to this 5 feet. The various conveyances in the chain of title are not set forth, and, therefore, we cannot decide whether there are apt words to carry the title to this strip of 5 feet in width when the deed reads as in this case at a point 400

feet westerly from Park avenue. If, however, we should overcome this difficulty we would be confronted with the fact that the easterly course along One Hundred and Twentieth street runs only 83 feet and the building which has been erected upon the premises covers the entire lot from the line 5 feet easterly from Madison avenue, and, therefore, the deed would fail to give title to the rear 5 feet of the premises, and there are no monuments by which this easterly line of the lot can be established so as to overcome the specific length of the line given in feet.

There is no evidence in the case to show that the defendant has title to this five feet. Somewhere in the chain of title there was a person vested with the title to the lot, eighty-eight feet in depth, who changed the description when he conveyed. Whether his deed had words sufficient to convey the entire lot eighty-eight feet by seventeen feet and nine inches, or whether the language of the deed was such as to reserve in him the title of this five feet does not appear.

The defendant's title is derived through a deed given upon the sale under a mortgage foreclosure. The description in the mortgage appears to have been the same as that contained in the contract herein. Therefore, the defendant could not give a good title and the contract should not have been adjudged to be specifically performed. Under the description in the contract the plaintiff was entitled to a lot fronting upon Madison avenue as well as One Hundred and Twentieth street, and it very seriously diminishes the value of the lot if the title to a strip five feet wide on the Madison avenue front is vested in some other person.

The judgment should, therefore, be reversed, with costs to appellant, and judgment granted for the plaintiff for $835, with interest thereon from August 10, 1916, together with the costs of the action. Findings inconsistent herewith are reversed and order containing findings to be settled on notice.

CLARKE, P. J., SCOTT, DOWLING and DAVIS, JJ., concurred.

Judgment reversed, with costs, and judgment ordered for plaintiff as stated in opinion, with costs. Order to be settled on notice.