THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT SARLAY and Another, Appellants, v. MAURICE J. POPE, Sheriff of Broome County, Defendant, Impleaded with PAUL ZABADAL and Another, Respondents.

PAUL ZABADAL and Another, Respondents, v. ALBERT SARLAY and Another, Appellants.

Third Department, November 19, 1930.

*Tillapaugh & Relihan* [*Walter J. Relihan* of counsel], for the appellants.

*George H. Zator* [*Ralph L. Emmons* of counsel], for the respondents.

HILL, J. Plaintiffs have recovered a judgment directing the defendants Sarlay to perform a contract for the purchase of real property, by accepting a deed of the premises, paying $5,950, and executing a bond and mortgage for $600. A deed has not been tendered for delivery, or a mortgage for execution. The defendants appeal from an order adjudging them guilty of contempt of court " in having knowingly and wilfully disobeyed the terms of the said judgment." The fine fixed by the court was the amount of the money judgment, and it was directed that the defendants be committed to the county jail of any county where they were found, to be there detained until the fine was paid.

The portion of the judgment which directed the payment of $5,950 could be enforced by execution (Civ. Prac. Act, § 504), but not by contempt proceedings. (*Coffin* v. *Coffin*, 161 App. Div. 215; *Harris* v. *Elliott*, 163 N. Y. 269.) " Where the judgment is final and part of it cannot be enforced by execution " a refusal by the party against whom it is rendered to perform that part may be punished as a contempt of court. (Civ. Prac. Act, § 505.) Refusal by the defendants to accept a deed of the premises tendered by the plaintiffs, and to execute a mortgage prepared in compliance with the provisions of the judgment, would have been contumacious and could have been punished. (*Kittel* v. *Stueve*, 11 Misc. 279; affd., 146 N. Y. 380.) A fine sufficient to indemnify the aggrieved party for the actual loss caused by the failure could have been imposed. (Judiciary Law, § 773.)

Plaintiffs' only remedies are an execution for $5,950 and a right to invoke contempt proceedings as to the deed and mortgage f there should be a refusal to accept and execute after tender and demand. Doubtless plaintiffs would not desire to convey the premises to the defendants in return for a bond and mortgage of $600 and an opportunity to enforce their money judgment by execution.

Imprisonment of the defendants until the payment of a fine in the amount of the judgment recovered in the contract action would be, in effect, imprisonment for a civil debt. This is forbidden (Civil Rights Law, § 23) and has been since the passage of the Stillwell Act (Laws of 1831, chap. 300) which abolished imprisonment on any civil process " upon any judgment or decree, founded

upon contract." The order punishing defendants for contempt should be reversed.

Defendants also appeal from an order dismissing a writ of habeas corpus obtained after they had been arrested and imprisoned under the contempt order. The Legislature enacted that the writ is unavailable to a defendant who " has been committed or is detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction; or the final order of such a tribunal made in a special proceeding instituted for any cause, *except to punish him for a contempt.*" (Civ. Prac. Act, § 1231.) Thus, upon the return of the writ the court should have discharged the defendants when it appeared that the imprisonment was illegal. (*Matter of Depue,* 185 N. Y. 60; *People ex rel. Corkran* v. *Hyatt,* 172 id. 176; *People ex rel. Tweed* v. *Liscomb,* 60 id. 559.) One entitled to " this, the greatest of all writs " (*People ex rel. Tweed* v. *Liscomb, supra*) should not be held in prison " during all the weary processes of an appeal." (*People ex rel. Sabatino* v. *Jennings,* 246 N. Y. 258, 261.)

The order dismissing the writ should be reversed and the defendants discharged from custody.

The order punishing the defendants for contempt should be reversed on the law, with ten dollars costs and disbursements.

VAN KIRK, P. J., DAVIS, WHITMYER and HASBROUCK, JJ., concur.

In the first case: Order dismissing writ of habeas corpus reversed on the law, with ten dollars costs and disbursements, and relators discharged from custody.

In the second case: Order punishing defendants for contempt reversed on the law, with ten dollars costs and disbursement.