THE PEOPLE OF THE STATE OF NEW YORK ex rel. WINFIELD BRINK, Appellant, against MILTON O. BAILEY, as Sheriff of the County of Greene, Respondent.

Third Department, July 8, 1954.

*S. J. Mauhs* for appellant.

*Alex Wiltse, Jr.,* for respondent.

*Per Curiam.* This is an appeal from an order of the County Judge of Greene County, New York, dismissing a writ of habeas corpus. Defendant made no return, traverse or denial to or of any of the allegations of the petition for the writ. Accordingly such allegations are to be deemed admitted for the purposes of the record.

Relator had been examined in supplementary proceedings. On September 1, 1953, at ten o'clock in the forenoon, in accordance with the direction of an order of the County Judge, he appeared at the County Court House in Catskill, New York, to show cause why he should not be punished for contempt in giving false testimony in the supplementary proceedings. He was then accompanied by a friend, one Tompkins. After waiting for some time and no one appearing, relator, accompanied by Tompkins, talked to Margaret Varden in the office of the County Judge, telling her that he was there in response to the show cause order. By telephone she informed the attorney for the judgment creditor, who is also the attorney for the defendant herein, of relator's presence and reported to relator that the attorney would proceed to the Court House. Relator and Tompkins continued their wait, which extended over a period in excess of an hour. The case was not called and no appearance was made on behalf of the judgment creditor. Yet, on the same day, the County Judge signed an order adjudging relator in contempt of court for having willfully and deliberately given false testimony and for failure to appear in response to the show cause order, fining him and directing his confinement in jail until the fine and costs should be paid, but in no event for more than three months. On a warrant of commitment relator was in jail for sixteen days, when he was released in the custody of his attorney pending these proceedings.

Respondent asks us to affirm the order on the ground that a writ of habeas corpus cannot take the place of an appeal from

a judgment of conviction. Habeas corpus is not a substitute for appeal but, in appropriate cases, the legality of an arrest may be tested by such a writ. (Civ. Prac. Act, § 1231, subd. 2; *People ex rel. Sarley* v. *Pope,* 230 App. Div. 649, 651.)

Patently relator obeyed the mandate of the order to show cause. Admittedly no one appeared at the appointed time or within an hour thereafter and the case was not called. Under such circumstances, no jurisdiction resided in the court to make the order adjudging relator in contempt. It was wholly illegal and void.

The order should be reversed and the writ of habeas corpus sustained, without costs.

Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

Order reversed, on the law and facts, and writ of habeas corpus sustained, without costs.