(No. 6465—Decided October 24, 1961.)

*Mr. Theodore Stevenson* and *Mr. Chester Hummell, Jr.,* for appellees.

*Mr. Charles E. Connor, Jr.,* and *Mr. Milton L. Farber,* for appellant.

DUFFEY, P. J. This is an appeal on questions of law from a decree for specific performance against the purchaser, appellant herein, by the vendors, appellees herein, of land.

In 1948, Della Hempy died intestate owning the premises. She was survived by six children—Mary Brooke (wife of the purchaser), Edgar, Lola and Hazel Hempy (the vendors), Remus and George Hempy. Each child inherited a one-sixth interest. On November 30, 1948, Edgar, Lola and Hazel acquired the interests of the other three. George conveyed by

a deed for his one-sixth interest; Remus Hempy and Mary Brooke joined in one deed. In the latter deed, Remus' wife and Mary's husband (Edward Brooke) joined as grantors, joined in the covenants of title, and also released their dower (the only interest that they actually held).

In 1959, Edward Brooke contracted to purchase the entire premises. The contract was executed by Edgar, Lola and Hazel Hempy, and by Jane Hempy who is Edgar's wife. They, as vendors, brought the present action for "specific performance."

The Common Pleas Court found a valid contract calling for merchantable title. It found further that there were encumbrances which were a material defect and which rendered the title unmerchantable. Appellees have not filed a crossappeal, or assignments of error under Section 2505.22, Revised Code. We, therefore, accept those findings. The court found also that the purchaser was estopped to assert the unmerchantability, and that, under the circumstances, the vendors could rely upon estoppel, even though it was not pleaded.

The estoppel relied upon by appellees is "estoppel by deed." This is to be distinguished from estoppel *in pais* or equitable estoppel. It is, in fact, rather a misnomer, since the doctrine does not incorporate the basic requisites of an estoppel, and where applicable its operation is quite different in scope. As to the grantors, it generally operates as a transfer of an after-acquired interest which was within the grant purportedly made. That is obviously inapplicable here. The appellant is not attempting to claim that he holds any interest in the property. It is also apparent that the vendors contracted to convey a much larger interest than that previously conveyed to them. Mary Brooke held only a one-sixth interest, and the deed of November 30, 1948, is not the source of title for the balance of the property promised.

The technical doctrine of "estoppel by deed" cannot be substituted under these conditions for a full performance of the contract obligation. No reason exists for the law to deny the parties here their full freedom of contract. There is no evidence whatsoever to indicate that the appellees were unaware of exactly what they owned. To be relieved of their

contract obligation they must establish something which goes to the formation of that contract.

The estoppel doctrine which might have been applicable would appear to be that of equitable estoppel. However, there is no evidence that the appellant intended to, or did, mislead anyone in 1948, or in 1959. There is no evidence that the appellees lacked knowledge of the extent of the interest conveyed in 1948, or of that promised in 1959. There is no evidence that they were misled, or that they relied to any material extent, or that they have acted upon any such reliance. In view of the fact that the parties derived their interests from a common source, the lack of such evidence is not surprising.

The decree entered by the court is a total variance from the case pleaded. The appellees' petition alleged breach of contract. The answer alleged defects in title and denied merchantability. The reply denied the existence of the defects. Estoppel of any kind is an affirmative defense which ordinarily must be pleaded. Not infrequently, it will or should be pleaded in a reply. *Globe Indemnity Co.* v. *Wassman* (1929), 120 Ohio St., 72.

Estoppel need not be pleaded if there is no opportunity to plead. Appellees argue that *some* of the outstanding interests were explicitly excepted in the contract, and they, therefore, were not aware of the need to plead estoppel. This contention is without merit.

Appellees further contend that the evidence was admitted without objection and the variance waived. The evidence relied upon was not offered by the plaintiffs in their case, nor introduced by the defendant. It was elicited from the defendant, involuntarily, upon cross-examination. Under those circumstances, the *mere* admission of the evidence is not a waiver of the variance. See 31 Corpus Juris Secundum, 448, Estoppel, Section 153 (b). At that point in the trial there had been no reference directly or indirectly to estoppel. The cross-examination was directed to the various outstanding interests and easements. The particular questions asked were whether the defendant's wife had ever held an interest, how she had acquired that interest, and how she had disposed of it. It was in this connection that the deed was identified and admitted. The defense might have objected to the relevancy of this evidence. How-

ever, its admission would probably not be erroneous. It is general background information, and, further, might be considered as reasonably bearing on the defendant's knowledge of the easements and, therefore, pertinent to the issue of the materiality of the defects—an ·issue raised by the pleadings. In the absence of some indication by the plaintiffs to the contrary, defense counsel and the court were entitled to assume that it was being offered as bearing on the issues pleaded. Even if it be assumed that the defense recognized a possible issue of estoppel, it did not have to object to the cross-examination where it was apparently consistent with the pleadings and did not suggest a variance. To constitute a waiver, evidence must be voluntarily offered by the opposing party, or the new issue be reasonably apparent. The plaintiffs could have stated their purpose at that point, or have raised the issue by moving to amend.

A motion to amend provides the defense with an opportunity to be heard and to protect himself from surprise. The first indication in this record that estoppel would be an issue came in the plaintiffs' final argument after the completion of the trial. We note that the trial judge himself ignored the issue in his initial decision.

The record also shows that no amendment of the pleading was ever made. Proof and judgment must conform substantially to the case pleaded. Liberal provisions are made in our statutes to protect litigants and to insure the furtherance of justice. See Section 2309.58, Revised Code. However, in *Morgenstern* v. *Austin* (1959), 170 Ohio St., 113, the *per curiam* opinion states, at page 116:

"This section, however, requires an amendment to the pleading upon which the party relies. It is not self-executing or a cure-all. If a party wishes to take advantage of it the burden is on him to so amend. Where a party pleads one cause of action but proves another, he must amend his pleading to conform to the proof, and, if he fails to so amend, there is a failure of proof and a verdict must be directed against him."

Where an amendment will substantially change the case as pleaded, a motion to conform, made after the trial, presents the

danger of denying to the opposing party a reasonable opportunity to defend and should not be blithely granted.

Since the case must be reversed for the reasons stated, the form of the decree deserves comment. It calls for specific performance by the purchaser. The contract provides for $18,000 cash and a $76,000 mortgage. Exactly how the appellees intended to enforce that decree, we do not know. Certainly, the purchaser could not be imprisoned for a failure to pay. See Section 15, Article I of the Constitution of Ohio. As the New York court rather dryly commented in *People, ex rel. Sarlay*, v. *Pope, Sheriff* (1930), 230 App. Div., 649, 246 N. Y. St., 414:

"Doubtless plaintiffs would not desire to convey the premises to the defendants in return for a bond and mortgage * * * and an *opportunity* to enforce their money judgment by execution." (Emphasis added.)

The basis of equitable jurisdiction of the vendors' action is the need to clear the title of the cloud resulting from the outstanding land contract. The usual decree would allow the purchaser a period in which to redeem by full performance, and, upon failure to do so, provide for foreclsoure of the purchaser's interest under the contract.

Appellant cross-petitioned for restitution of $1,000 paid to the real estate agent. The contract specifically provides that the money was paid to the broker by the purchaser in trust. We agree with the conclusion of the trial court that the appellant's rights with respect to the $1,000 must be asserted against the broker, who is not a party to the present action.

The decree on the plaintiffs' petition for specific performance is reversed. An entry granting judgment to defendant-appellant may be submitted. The judgment for the plaintiffs on the defendant's cross-petition is affirmed.

*Judgment affirmed in part and reversed in part.*

Duffy and Bryant, JJ., concur.