T. Paul Kane, J.
Defendants move for summary judgment in an action instituted by plaintiff vendor, for specific performance of a contract of sale of real property.
The parties executed the contract in question on April 7,1964, whereby the plaintiff agreed to sell, and the defendants agreed to purchase, real property known as 163 Lancaster St. in the City of Albany, N. Y. The closing date, originally set for May 1, was adjourned until June 10. In the interim, on May 25, defendants wrote to plaintiff advising him of certain defects in the title. On June 10, plaintiff offered a deed, the acceptance of which was refused by defendants’ attorneys upon the ground that the defects still existed. Thereafter, on June 15, plaintiff instituted this action. On June 22, a formal demand was made by defendants upon plaintiff for the return of the $500 deposit and for expenses incurred in obtaining the title search and survey. Issue was joined by defendants’ answer on July 2, to *94 which plaintiff replied on July 7. Plaintiff noticed the action for the September Equity Term although it was not reached for trial at that time. Defendants served the notice of motion herein on October 15 and plaintiff in his answering affidavit cross-moves for summary judgment.
A remedy which precludes a litigant from presenting his evidence for consideration by a jury, or even a Judge, is necessarily one which should be used sparingly, for its mere existence tends to alter our jurisprudential concept of a “ day in court ’ ’. Understandably, courts speak of the summary judgment restrictively. Summary judgment is a harsh remedy and the requirement of the rule should be strictly complied with in order to entitle a party to that relief. (Bakerian v. Horn, 21A D 2d 714.) To grant summary judgment, it must clearly appear that no material and triable issue of fact is presented. This drastic remedy should not be granted where there is any doubt as to the existence of such issues. (Di Menna d Sons v. City of New York, 301 N. Y. 118; Braun v. Carey, 280 App. Div. 1019.) On the other hand, the court should not hesitate to give this remedy the full purpose for which it is intended. Given the statutory sanction, it is the duty of the court, not to test the sufficiency of the pleadings, but rather to go behind them to the very substance of the action and distinguish matters of law from matters of fact, material issues of fact from immaterial ones.
The contract of sale contains the following provision in paragraph three: “three: seller shall convey said premises subject to all covenants, conditions, restrictions and easements of record and zoning laws. Subject also to any state of facts which an inspection and/or an accurate survey of the premises may show, provided the same does not render title unmarketable.”
Defendants contend that their survey has uncovered three conditions which render the title unmarketable. The first condition is that the fact of the building in question, constructed in 1880, encroaches upon the public property of the City of Albany a distance of five inches and for that reason violates chapter 298 of the Laws of 1883, a special act for the City of Albany (as amd. by ch. 398, L. 1888), which specifically prohibits encroachments on public property. Plaintiff admits to a one and one-half inch encroachment on the public street. Which measurement is exact, if either, is unimportant. In 1941, section 38-a of the General City Law was enacted and amended in 1960. The pertinent subdivision of this law in its amended form provides as follows: “ § 38-a. Removal of walls encroaching on streets 1. If the front or exterior wall of any building erected on or before the first day of January, nineteen hundred forty, in any *95 city encroaches not more than six inches upon any street or highway, no action or proceeding to compel the removal of such wall shall be instituted or maintained by or on behalf of the city, or by or on behalf of any person claiming an easement in or title to the portion of the street or highway on which such wall encroaches, unless such action or proceeding be commenced within the period of one year from the time this act takes effect, and unless within such period a notice of the pendancy of such action or proceeding, describing the property on which said building stands and indexed against the OAvner thereof, be filed in the office of the clerk of the county in Avhich the property lies. ”
No action Avas taken by the City of Albany within the statutory period of limitations. Consequently, this encroachment, which undisputably is less than six inches, as a matter of laAV could not be considered as impairing the marketability of title. (Whittier Estates v. Manhattan Sav. Bank, 181 Misc. 662; Celestial Realty Co. v. Childs, 100 Misc. 532, revd. on other grounds 182 App. Div. 85.)
Defendants’ second contention is that the steps and porch encroach upon public property a distance of seven and eight-tenths feet in violation of section 17 of the Ordinances of the City of Albany passed in 1884. “ Section 17 * * * and no stoop or steps shall extend more than 1/llth part of the breadth of said street or avenue; nor in any case more than 8 ft. from the building to which it belongs. ’ ’
The property owned by the City of Albany constituting Lancaster St. is 66 ft. wide. Plaintiff yielded and on October 20, 1964, four months after the closing date, reconstructed the steps and porch to cure the violation. Therefore, the question presently is whether or not the title in this respect, was made good within a reasonable time. A vendor is entitled to a reasonable time beyond laAV day to make his title good. (Cohen v. Krans, 12 N Y 2d 242; Ballen v. Potter, 251 N. Y. 224.) The court considers the time taken to correct this defect as being reasonable, especially in vieAV of the fact that all of the circumstances surrounding the entire transaction appear to have remained unchanged. See Junius Constr. Co. v. Cohen (257 N. Y. 393), wherein vendees change in financial condition, within a two-year period, rendered relief inequitable.
The final contention of unmarketability by defendants concerns the Avesterly property line which is allegedly encroached upon a distance of four inches by the building to the immediate east. Obviously, an issue of fact arises. The task of the court now is to determine if a “ material issue of fact ” is presented. (Di Menna & Sons v. City of New York, supra.; Bakerian v. *96 Horn, supra,). As an adjective “material” means “ substantial; of consequence; important; going to the essence or the merits; relating to matter of substance, rather than form.” (Ballentine’s Law Dictionary.) Two factors impress the court. If the encroachment were by the property in question rather than against it, the marketability of the title might be endangered by the possibility of an action by the adjoining owner, although highly improbable considering the lapse of time alone. In that the encroachment, if any, is against the property, the right to and peaceful enjoyment of it could not be disturbed. Secondly, the court takes nóte of the fact that even if the action advanced to trial, it is quite probable, after all of the evidence on the surveys is elicited, that the conflict as to the particular property line might still lack resolution. Without questioning the intentions of the defendants in this regard, the court does not consider this issue a fact to be substantial, important or of consequence.
As a matter of law, title of plaintiff vendor is marketable. Accordingly the motion by defendants for summary judgment is denied and the cross motion of plaintiff for specific performance of the contract is granted.