◼ DAVID WANGER, as Executor of BENJAMIN WANGER, Deceased, Respondent-Appellant, v. LESTER ZEH et al., Appellants-Respondents.— HERLIHY, J. Appeal by plaintiff and defendants from a decision and order which granted summary judgment to the plaintiff. The facts are concisely set forth in 45 Misc 2d 93. The issue on this appeal is whether or not, assuming the plaintiff's title was unmarketable due to the encroachment of the front porch of the premises on a public street, the asssumed encroachment was cured by the plaintiff within a reasonable time and in a proper manner. It appears that any cure prior to the decision of Special Term would have been futile as the defendants purchasers were claiming the title unmarketable not only because of this encroachment, but on additional grounds and, therefore, we determine that the " cure " of the assumed encroachment was within a reasonable time. The defendants argue, however, that even if the " cure " were within a reasonable time, the result of altering the front porch by changing the steps from leading straight into the building from the street to running parallel with the face of the building was such an alteration as to materially change the terms of the contract. This contention is without substance in view of the fact that the defendants have not presented anything to show that this change lessened the value of the building to them. In view of this determination, we do not consider whether or not the encroachment might otherwise constitute a valid objection, but affirm the finding of marketability. The plaintiff contends that the order should be modified so as to provide for a money judgment in the event that the defendants do not pay the balance of the purchase price as ordered. The proposed order provides that the deed be deposited in escrow with the clerk of the court and upon defendants' failure to perform, the Clerk enter a money judgment in favor of the plaintiff and against the defendants. The present order appealed from appears to be proper in directing the defendants to perform upon tender by the plaintiff of a deed in accordance with the terms of a contract, subject, of course, to interest, apportionment of taxes and other details contained in the provisions of the contract. Pursuant to the CPLR, an order directing the payment of money is enforcible as a money judgment. (Cf. CPLR 105, subd. [n]; 5101.) Prior to the CPLR it was established that specific performance directing the payment of money was enforcible by execution and not by contempt. (People ex rel. Sarlay v. Pope, 230 App. Div. 649, 650.) Accordingly, there is no necessity that the order make specific provision for collection of the $11,000 as a money judgment. In regard to the plaintiff's expenditures for surveyors, it appears that the defendants have likewise had such expenditures and that under the circumstances of the present case, Special Term was correct in not allowing them to be taxed as costs and disbursements. Order affirmed, with costs. Settle order on notice. Gibson, P. J., Taylor, Aulisi and Staley, Jr., JJ., concur.