■ In the Matter of NORA SCHUAL et al., Respondents, v LINDENHURST MEMORIAL LIBRARY, Respondent, and GEORGE MEYER, Personnel Officer of the Suffolk County Civil Service Commission, Appellant.—In a proceeding pursuant to CPLR article 78 to compel the reinstatement of petitioners to their positions as Librarian 1, with back pay, etc., George Meyer, Personnel Officer of the Suffolk County Civil Service Commission, appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County, entered December 19, 1978, as (1) directed that petitioners Schual and Testa be reinstated, with back pay, etc., and (2) severed the cross claim of the Lindenhurst Memorial Library against Meyer and directed that it continue as a plenary action for money damages. Judgment modified, on the law, by deleting the last decretal paragraph thereof and substituting therefor a provision that the cross claim of respondent Lindenhurst Memorial Library against George Meyer is dismissed. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Special Term properly concluded that pursuant to subdivision 4-a of section 23 of the Civil Service Law, where a list of certified eligibles is promulgated by a municipal civil service commission for an appointing authority within that municipality, the commission may require that candidates for appointment be residents of the city or civil division of the appointing authority or be residents of the county or judicial district in which such city or civil division is located. In the case at bar, petitioners were residents of Suffolk County, the county wherein the Lindenhurst Memorial Library District is wholly located, and therefore were properly appointed to their respective positions. We conclude, therefore, that Special Term properly rejected the commission's argument that it was mandated to revoke the petitioners' appointments. As noted by Special Term, even if the commission erred in promulgating its list of eligibles, it may not revoke it, nor the appointments ultimately made from it, without a showing of fraud or material misrepresentation of fact (see *Matter of Wolff v Hodson,* 285 NY 197; *Matter of Schraeder v Kern,* 287 NY 13). As to the cross claim, rather than severing the library's claim for money damages, Special Term should have dismissed it on the merits. It is beyond cavil that "no public officer is responsible in a civil suit for a judicial determination, however erroneous or wrong it may be" *(East Riv. Gas-Light Co. v Donnelly,* 93 NY 557, 559; *Matter of Town of Cheektowaga v City of Buffalo,* 67 AD2d 812). Moreover, "the policy considerations which dictate the protection of the public officer from reprisal * * * also dictate the same protection for the municipality whose interests are served by the acts of the officer" *(Rottkamp v Young,* 21 AD2d 373, 377, affd 15 NY2d 831). Inasmuch as no viable cause of action existed against either the appellant individually, or in his capacity as Personnel Officer of the Suffolk County Civil Service Commission, the cross claim should have been dismissed as a matter of law. Titone, J. P., O'Connor, Gulotta and Margett, JJ., concur.