OPINION OF THE COURT
Bernard F. McCaffrey, J:
The facts in this matter are both unusual and compelling.
The instant action is one to compel the sale of real property upon which plaintiff was granted an equitable lien. This lien, in a sum certain, based upon the fraud of plaintiff’s ex-husband, the defendant herein, Frank Gaglione, was granted by Mr. Justice Niehoff by decision after trial, dated May 2, 1977. Judgment therein was entered on May 17, 1977. Defendant has been collecting the rental for the six stories on this real property for the past 7½ years. In addition, the court notes that real property, in general, has increased in value over this period of time, and the longer defendant holds on to this property it will probably continue to increase in value, all to the sole benefit of the defendant, Frank Gaglione, who, as noted above, acquired plaintiff’s one-half interest in the land by his fraudulent act.
The defendant concedes that an equitable lien on the property in question in the sum of $25,176.50, representing one half of the value of the property as unimproved, was granted to the plaintiff by order of the court dated May, 1977. The defendant *233 also concedes that there is no restriction placed on the lien as to when the plaintiff is entitled to recover the amount of the lien. However, defendant claims that the lien is not enforceable until the premises are sold, and for evidence of this, the defendant points to the judgment itself. In support of his contentions defendant points to the fact that the judgment of separation, in granting to plaintiff an equitable lien, contains in the last decretal paragraph the phrase, “that plaintiff have execution therefor”, which was stricken by the Judge when he signed the judgment. This is basically the defendant’s opposition to this motion; it means that, in the view of the defendant, the lien stands as a charge upon the real property unless and until the defendant decides to sell the property. This court does not accept the proposition suggested by defendant, and does not believe the alteration in the judgment proposed was for the purpose of indefinitely postponing the plaintiff’s right to compensation for the fraud perpetrated by the plaintiff’s former husband. It is unconscionable that plaintiff’s relief be enforceable only at the discretion of defendant. Rather, it would appear that the court, in striking the words, “that plaintiff have execution therefor”, merely removed the requirement of an immediate sale, and provided defendant with the opportunity of satisfying the lien through payment following plaintiff’s demand for satisfaction of the debt; or, at best, struck this phrase from the proposed judgment leaving the parties to pursue their own legal remedies.
A lien such as that at bar is designed as security for a judicially decreed debt, and it is to be enforced through execution and sale after the defendant has refused to pay the debt. The defrauded party is entitled to recover the amount of the claim, rather than wait indefinitely for the property to be sold (see Leary v Corvin, 181 NY 222, 230). “Where property is held by one person subject to an equitable lien, the person having the equitable lien can enforce it by a proceeding in equity * * * the court will ordinarily decree that unless the holder of the property pays the amount of the lien the property be sold and out of the proceeds the amount of the lien be paid.” (Restatement, Restitution, § 161.) In its decision in Leary v Corvin, the Court of Appeals directed that the premises be sold to satisfy and discharge the lien with any deficiency to be recovered from the defendant.
It has been held that, where a person has never had title to the property, but has expended money in the improvement of the property, that person is entitled only to an equitable lien but not to a conveyance of the property (see Petrukevich v Maksimovich, *234 1 AD2d 786). However, the record in the case at bar reflects that the plaintiff and defendant originally took title of the premises in question by deed on December 17,1964, and that the plaintiff conveyed her interest to the defendant, Gaglione, on July 9, 1974, because she thought the instrument she signed in 1974 was not a deed but, rather, a document necessary to obtain a construction loan and mortgage. The court granting plaintiff an equitable lien on the property found that plaintiff had unknowingly transferred her interest.
Defendant, Gaglione, also contends that substantial questions of fact have been raised which preclude the granting of summary judgment. However, these are conclusory statements on defendant’s part, and the factual contentions presented by defendant are irrelevant to determining the case on a motion for summary judgment.
Issue finding, rather than issue determination, is the key to the summary judgment procedure (see Sillman u Twentieth Century-Fox Film Corp., 3 NY2d 395; Esteve v Abad, 271 App Div 725). To grant summary judgment, it must clearly appear that no material and triable issue of fact is presented. (Wanger v Zeh, 45 Misc 2d 93, affd 26 AD2d 729.)
When the movant’s papers make out a prima facie case for a grant of the motion, the opposing party must come forward and lay bare his proof of evidentiary facts showing there is a bona fide issue requiring a trial — he cannot defeat this motion by general conclusory allegations which contain no factual references. (Hanson v Ontario Milk Producers Coop., 58 Misc 2d 138; Speller v Ryder Truck Rental, 47 AD2d 608; Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338.)
The motion by plaintiff for summary judgment is granted.
Unless the defendant pays to the plaintiff the debt due within 60 days after service of a copy of the. order to be entered herein upon the defendant, that is, the lien with interest from May 20, 1977, then the court directs that the lien be discharged through execution and sale of the property in question.