OPINION OF THE COURT
Bernard F. McCaffrey, J.
This is a motion for an order granting summary judgment *542 to the defendant, Town of Hempstead, or in the alternative, dismissing the complaint with respect to the allegations therein dealing with inadequate lighting.
The action herein arises out of a pedestrian knockdown accident which occurred on March 31, 1982, wherein plaintiffs who were crossing Hempstead Turnpike at Sewanee Street were struck by a vehicle operated by defendant, Jeffrey Warren.
On July 1, 1982, the plaintiffs served a notice of claim on the Town of Hempstead alleging that the town was negligent in the ownership, maintenance and control of the property adjacent to Hempstead Turnpike, in that it authorized and permitted a construction of a shopping mall and parking lot without performing sufficient traffic control studies. The notice of claim further alleged that the town failed to take adequate precautions, failed to warn and failed to install adequate control devices at or near said intersection. There is no mention anywhere in said notice of claim that there was inadequate streetlighting at said intersection. The complaint, dated the 23rd day of May 1983, alleges that the streetlighting was inadequate and insufficient, resulting in a dangerous and defective condition on Hempstead Turnpike at or near its intersection with Sewanee Street. The amended complaint, dated July 8, 1983, in addition to the allegation of inadequate lighting, also alleges that the town was negligent, in that it permitted the development and construction of the adjacent property to Hempstead Turnpike at its nearest intersection with Sewanee Street in a manner which resulted in the creation of a dangerous and defective condition.
Issue finding rather than issue determination is the key to the summary judgment procedure. (See, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395; Esteve v Abad, 271 App Div 725.)
To grant summary judgment it must clearly appear that no material and triable issue of fact , is presented. This drastic remedy should not be granted where there is any doubt as to the existence of such issues. (Wanger v Zeh, 45 Misc 2d 93, affd 26 AD2d 729.)
It is fundamental in this jurisdiction that with respect to matters committed by law to the judgment and discretion of a governmental official, the municipality is immune from liability for such judgmental decisions, as the issue of a building permit. (Erving v Mayor of City of N. Y., 131 NY 133; Instalment *543 Dept. v State of New York, 21 AD2d 211; Rottkamp v Young, 21 AD2d 373; Matter of Schual v Lindenhurst Mem. Lib., 72 AD2d 817; Whitmore v City of New York, 80 AD2d 638, 640.) This is also consistent with well-established principles limiting municipal liability for breach of a general statutory duty, such as involves the issuance of building permits. (See, O’Connor v City of New York, 58 NY2d 184.) It, therefore, follows in the case at bar that the town has no liability with respect to the claim in the amended complaint that the town was negligent in permitting the development and construction of the property adjacent to Hempstead Turnpike.
The only remaining allegation in the complaint with respect to the Town of Hempstead is that it was negligent, in that there was inadequate and insufficient streetlighting alone the roadway. The movant herein points out that Hempstead Turnpike is a State road, not a town road, and in view of the fact there is no allegation in the notice of claim filed pursuant to the General Municipal Law § 50-e with respect to inadequate lighting or defective lighting, the portion of the claim alleging inadequate lighting should be dismissed, inasmuch as the purpose of a notice of claim is to give the municipality adequate and prompt notice of an alleged incident so that an investigation can be undertaken.
Since the notice of claim in this instance dealt with permitting construction and development of adjacent properties and with traffic control devices on Hempstead Turnpike, it is contended by the town that inasmuch as that type of activity gives rise to an immunity from liability on the part of the town, the said notice would signal no reason to undertake an investigation therein. Thus, it is claimed the town would be prejudiced to allow the plaintiffs to proceed on the theory of inadequate or defective lighting, and that the plaintiffs should not be permitted to amend their notice of claim because there is no good-faith error on the part of plaintiffs here, because their claim of inadequate lighting is basically an afterthought which is not based upon any clear-cut theory of liability. The movant also seeks to dismiss the allegations in the complaint having to do with inadequate or defective lighting on the grounds that the Highway Law § 327 does not mandate lighting on roadways and provides for the discontinuance of same when it has been provided.
Neither party offers the court any case law dealing with a municipality’s liability in situations alleging defective illuminations of roadways.
*544 Apparently a town is under no duty to provide lighting on public highways. Highway Law § 327 provides in pertinent part as follows: "§ 327 * * * The town board of any town * * * may * * * provide for lighting dangerous portions of any road or highway * * * The board may * * * at any time discontinue the lighting of any road”.
At one time the lights in the area involved on Hempstead Turnpike at or near its intersection with Sewanee Street were owned by a public utility, the Long Island Lighting Company, but there came a time prior to the accident in the case at bar wherein the defendant, Town of Hempstead, took over ownership of these lights and assumed maintenance and control of said lights. The authority of the defendant, town, to do this comes from Municipal Home Rule Law § 10 (1) (ii) (a) (7) and, thus, a municipality may take an existing property of a public utility in order that it may be owned and operated by the public itself rather than by a private corporation, and this includes the ownership and operation of lighting systems (40 NY Jur, Municipal Corporations, § 908). A municipality, when acting in a private or quasi private capacity as, for example, in the operation of a lighting system, it is subject to the same liabilities, limitations and regulations as are applied to privately owned utilities. (See, Matter of Village of Boonville v Maltbie, 156 Misc 6.)
It is clear that if the area in which the accident occurred were a State roadway and the lighting in question was owned and maintained by LILCO, that there would be no liability on the part of the public utility. (See, Kraye v Long Is. Light. Co., 42 AD2d 972; Shubitz v Consolidated Edison Co., 59 Misc 2d 732; Nicholson v City of New York, 271 App Div 899, affd 297 NY 548.) It would appear that the defendant town, in the case at bar, is in a position similar to the public utility in terms of Hempstead Turnpike, inasmuch as that road is not a town road but a State road for which the town has no responsibility to maintain. If any one owes the public a duty to make them reasonably safe to pass over, it is the State. The town is merely in the same posture as the public utility vis-á-vis the road known as Hempstead Turnpike, and it is merely furnishing a benefit which it has the right to discontinue at its discretion. There is no more an indication of an intent to furnish third-party beneficiary rights herein than there are in cases where a municipality contracts with an outside party to provide services which will benefit its citizens or the public, e.g., water supply (Moch Co. v Rensselaer Water Co., 247 NY *545 160), and illumination of public roads. (Kraye v Long Is. Light. Co., supra; Kornblut v Chevron Oil Co., 62 AD2d 831, 843 [concurring opn].)
To have a cause of action for negligence, a duty must be owed by the defendant to the plaintiff. (Prosser, Torts § 53, at 324-327 [4th ed].) It has not been shown that the defendant, Town of Hempstead, owed the plaintiffs any duty in connection with the illumination of Hempstead Turnpike. Absent a special relationship creating a municipal duty to exercise care for the benefit of a particular class of individuals, no liability may be imposed upon a municipality for the failure to enforce a statute or regulation. (See, Sanchez v Village of Liberty, 42 NY2d 876, 877-878.)
Under the circumstances the defendant town is entitled to a dismissal of the complaint with respect to said defendant.
This determination renders the cross motion of plaintiff which sought an order striking the affirmative defenses of the movant, or in the alternative, ordering the notice of claim deemed amended moot.
Accordingly, summary judgment is granted to movant and the complaint is dismissed as to the defendant, Town of Hempstead.