OPINION OF THE COURT
James J. Lack, J.
*503 This claim arises due to the alleged damages to Barbara and Howard Reliman. The claim is for the alleged negligence of the judicial staff of Justice E Dana Winslow of the New York State Supreme Court. Claimants brought an order to show cause on May 30, 2002 seeking an order of attachment against real property owned by Ki Ping Chan.
On May 31, 2002, Justice Winslow signed the order to show cause and ordered a return date of June 4, 2002. On June 6, 2002, Justice Winslow signed an order of attachment. On June 11, 2002, Ki Ping Chan transferred the residence to Yong Hui Xue. The order of attachment remained in Justice Winslow’s chambers until July 9, 2002. Claimants argue that it was a ministerial error for the order of attachment not to be filed in the clerk’s office so as to prevent the sale of the property.
Claimants move for summary judgment on liability and on damages. They previously made a motion for summary judgment (CM-67626) which was denied because I found a question of fact as to why the signed order remained in Justice Winslow’s chambers until July 9, 2002.
The State of New York opposes the motion and again asks that claimants’ counsel be disqualified.*
Summary judgment is a drastic remedy which deprives a party of its day in court and should not be granted where there is any doubt as to the existence of a material issue of fact (Moskowitz v Garlock, 23 AD2d 943 [1965]; Epstein v Seally, 99 AD2d 713 [1984]). The court’s function is to determine if an issue exists. In doing so, the court must examine the proof in a light most favorable to the party opposing the motion. Summary judgment may only be granted if movant provides evidentiary proof in admissible form to demonstrate that there are no questions of fact (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Wanger v Zeh, 45 Misc 2d 93 [1965], affd 26 AD2d 729 [1966]). Once the movant has demonstrated a prima facie entitlement to summary judgment as a matter of law, the burden shifts to the opposing party to submit evidentiary proof in admissible form sufficient to create an issue of fact or demonstrate an acceptable excuse for his failure to submit such proof (Alvarez v Prospect *504 Hosp., 68 NY2d 320 [1986]). Mere conclusions, speculation or expressions of hope are insufficient to defeat the motion (Amatulli v Delhi Constr. Corp., 77 NY2d 525 [1991]).
The concept of judicial immunity was discussed in my prior decision (decision and order filed Apr. 28, 2004). There is no question that the State is immune for judicial acts. However, if the action or nonaction is ministerial in nature, the State may be subject to liability for negligent acts (Lauer v City of New York, 95 NY2d 95 [2000]). In Lauer (at 99), the Court of Appeals defined a ministerial act as “conduct requiring adherence to a governing rule, with a compulsory result.”
In the instant matter, the order of attachment was still within the chambers of Justice Winslow on July 9, 2002. Prior to the Justice signing the order of attachment, his chambers contacted claimants’ counsel in regard to several modifications that were needed. According to the Justice’s law secretary, claimants’ counsel delivered the final order of attachment sometime during the afternoon of June 6, 2002 (claimants’ exhibit I, at 23-24).
The issuance of the order of attachment is clearly a judicial act which is normally performed by a judge. However, the judicial nature of the act was completed when Justice Winslow signed the order of attachment. Neither Justice Winslow’s law secretary nor his secretary testified that the Justice was reconsidering the order of attachment. In fact, both witnesses testified that the order of attachment should have been sent to the clerk’s office to be entered immediately after the Justice signed the order (claimants’ exhibits H, I). The witnesses acknowledged that claimants were seeking emergency relief and that the order of attachment was necessary to halt the sale of a house that defendant in the underlying action was selling.
The actions of the Justice’s staff after the signing of the order of attachment were ministerial acts for which the State can be held liable. As previously noted, the order of attachment which was signed on June 6, 2002 was missing from June 6, 2002 until it was found in the Justice’s chambers on July 9, 2002. Clearly, the claimants had no part in the misfiling of the order of attachment within the Justice’s chambers. The fault for the misfiling of the order lies squarely on the shoulders of the State through its employees. Claimants have successfully made a prima facie showing of their entitlement to a judgment of liability.
The burden now shifts to the State. In opposition to claimants’ motion, the State offers no evidence in admissible form. The *505 State’s opposition consists solely of counsel’s affirmation. The State’s opposition is insufficient to defeat claimants’ entitlement to summary judgment on liability.
As to damages, claimants ask the court to grant judgment against the State in the sum of $1,700,000 plus interest, costs, and disbursements from 2002. The price of the house claimants sought to halt the sale of was $630,000. However, claimants argue that the sellers, buyers and attorneys conspired to defraud the claimants by selling the house for under market value. Claimants further argue that if they had been able to halt the sale of the house, then they would have been able to keep the Chans in New York to fight for the proceeds of the distribution of the sale of the house, and they allegedly would not have been able to liquidate bank accounts. At the least, claimants argue that they would be entitled to the $630,000 plus interest, costs, and disbursements from 2002, as there was no mortgage on the property.
As to damages, claimants’ proof is insufficient. It consists mainly of the hearsay allegations of claimants’ counsel and claimants. There is no proof, for example, an appraisal, that the house in question could have sold for more money. Further, claimants make no showing that bank accounts were liquidated or even how something on that order would be known.
Based upon the foregoing, claimants’ motion for summary judgment on liability is granted, but claimants’ motion for summary judgment on damages is denied.

 In defendant’s prior motion (M-67341), the court was asked to disqualify claimants’ counsel because he had represented claimants in the underlying action and his representation may have been in issue. The motion was denied. I had set a deadline of June 30, 2003 for the motion to be made and defendant did not file the motion until September 2, 2003 without seeking an extension of the time. I see no reason to modify my previous decision.