■ BARBARA KELLMAN et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 106578.) [828 NYS2d 203]—

In a claim to recover damages for negligence, the defendant appeals, as limited by its brief, from so much of an order of the Court of Claims (Lack, J.), dated March 23, 2005, as granted that branch of the claimants' motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The claimants allege that the State of New York negligently misfiled a signed order of attachment necessary to attach real property belonging to judgment debtors of the claimants. In response to the claimants' motion for summary judgment, the State argued that the claimants' attorney was partially at fault for the misfiling, on the ground that the attorney had to amend the order of attachment twice before it was signed by the Supreme Court and the real property was transferred by the judgment debtors soon after the order of attachment was signed. The State also contended that, contrary to the claimants' assertions, res ipsa loquitur did not apply to the facts of this case, the claim was barred by the doctrine of judicial immunity, and the superseding or intervening acts of the judgment debtors

relieved the State of liability. The State further argued, as it had on a prior motion, that the claimants' counsel should be disqualified. The Court of Claims granted that branch of the claimants' motion which was for summary judgment on the issue of liability. We affirm.

On the instant appeal, the State does not contest the findings of the Court of Claims based upon the record. Instead, the State argues for the first time only that the claimants' counsel violated his "statutory duty" to file the signed order of attachment and the affidavit, and other papers upon which it was based, in accordance with CPLR 6212 (c). Since this argument was not raised in the Court of Claims in opposition to the claimants' motion for summary judgment, it is not properly before us on this appeal (*see Lumley v Motts*, 1 AD3d 573, 574 [2003]; *Medugno v City of Glen Cove*, 279 AD2d 510, 511 [2001]). Miller, J.P., Rivera, Krausman and Goldstein, JJ., concur. [*See* 8 Misc 3d 502 (2005).]