■ In the Matter of EMILY F. RAMOS, Respondent, v. DEPARTMENT OF MENTAL HYGIENE OF THE STATE OF NEW YORK et al., Appellants.— Order and judgment (one paper) entered October 27, 1969, annulling the dismissal of petitioner and directing her restoration to her probationary position, unanimously reversed, on the law, without costs and without disbursements, and the matter remanded to Special Term to determine the triable issue whether the respondents' determination that petitioner had failed to pass her probationary period was arbitrary and capricious. Contrary to the holding of the Special Term, made on the papers and without a trial, that petitioner had not been advised of her progress in her work as required by subdivision (i) of section 4.5 of the Rules and Regulations of the Department of Civil Service (4 NYCRR 4.5[i]), the petition itself discloses that petitioner was advised of her progress during her probationary period. A trial is required, nevertheless, of the petitioner's principal allegation not passed upon by Special Term — that her dismissal was arbitrary and capricious because it was unrelated to her work performance. A probationary employee need not be furnished with the charges against her, is not entitled to a hearing and may be dismissed without reason given for her removal. Where, however, as in the case of petitioner, a substantial issue is raised that the termination of her services was not the result of the failure to perform her duties satisfactorily but was due to a personality conflict with a supervisor, a hearing is recommended as to the reasonableness of the determination. (See *Matter of Voll* v. *Helbing*, 256 App. Div. 44, app. dsmd. 294 N. Y. 653; *Matter of Silverman* v. *Taylor*, 270 App. Div. 1040, motion dsmd. 296 N. Y. 827; *Matter of Maynard* v. *Monaghan*, 284 App. Div. 280.) Concur — Stevens, P. J., Eager, Capozzoli, Nunez and Tilzer, JJ.