■ CHARLES KEMLER, Appellant, v. HOWARD R. LEARY, as Police Commissioner of the City of New York, Respondent.— Judgment, Supreme Court, New York County, entered July 7, 1970, dismissing the petition, is unanimously reversed, on the law, without costs and without disbursements, the petition granted to the extent of annulling the determination of the Police Commissioner, and the matter is remanded to the New York City Taxi and Limousine Commission for consideration de novo of petitioner's application for a taxi-driver's license. It appears from the record of the proceedings that in denying petitioner's application for a taxi-driver's license there was an impermissible consideration of a juvenile delinquency charge. (Family Ct. Act, § 782; CPL 720.35, formerly Code Crim. Pro., § 913-n.) It cannot be concluded, as urged by respondent, that the denial of the application was influenced solely by the record of recent arrests without any consideration of the juvenile delinquency proceeding. (See Matter of Adler v. Lang, 21 A D 2d 107.) The letter of December 23, 1969 is not sufficiently clear to obliterate all doubt in that regard. Therefore, the matter should be remanded for consideration de novo at which time all factors bearing on petitioner's present character and qualifications may be inquired into. In remanding, we express no opinion whether apart from the eliminated juvenile delinquency record the other arrests and alleged false statement in the application would be sufficient basis for the denial of the license. Since authority over the subject license is now vested in the Taxi and Limousine Commission (Administrative Code, § 2301, et seq.) the matter is remanded to that agency, it having been acknowledged upon argument, that if this court should remand, such would be the appropriate agency to consider petitioner's application for the subject license. Concur — Markewich, J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.