DONNIE DAVIS, Respondent, v STATE OF NEW YORK, Appellant.
(Claim No. 59152.)

Third Department, October 28, 1976

*Louis J. Lefkowitz, Attorney-General (Henderson G. Riggs, Ruth Kessler Toch* and *Joseph A. Romano* of counsel), for appellant.

*Meyer, English & Cianciulli, P.C. (James F. Oliviero* of counsel), for respondent.

LARKIN, J. The essential facts are not in dispute. On July 1, 1972, claimant Donnie Davis was arrested on a felony charge. He was thereafter found eligible for youthful offender treatment and so adjudicated on November 28, 1972. He was hired as a guard by the Burns Detective Agency on September 17, 1974. Subsequently, the Division of Licenses of the Department of State, acting upon information supplied by the State Division of Criminal Justice Services, notified the Burns Detective Agency of claimant's felony arrest. This disclosure led to the firing of claimant by Burns on October 23, 1974 on the ground that he failed to disclose his arrest record at the time he applied for employment.

On the same day that he was fired, claimant applied for unemployment compensation. The Unemployment Insurance Division of the State Labor Department, by initial determination dated December 26, 1974, found that claimant's failure to make his arrest record known at the time he was hired was misconduct sufficient to lead to a denial of benefits. At a hearing held on January 22, 1975 the aforesaid determination was apparently upheld. At the hearing claimant Davis learned, for the first time, of the release of the information to his former employer. Relying on CPL 720.35, he filed this claim alleging "negligence, slander, deprivation of rights guaranteed by law, negligence 'per se' and intentional tort in revealing confidential information". Upon a motion by the State of New York to dismiss the claim, after concluding in its discretion that a late filing of the claim should be permitted under subdivision 5 of section 10 of the Court of Claims Act, the Court of Claims rejected the State's contention that the claimant had failed to state a cause of action and denied the motion to dismiss. This appeal ensued.

The question presented is whether, under the circumstances of this case, the State can be held liable, pursuant to CPL 720.35 to a person who is terminated from employment as a private detective or investigator by reason of information supplied to the employer pursuant to the mandates of subdivision 6 of section 81 of the General Business Law. We conclude that there is no liability under such circumstances and that the order appealed from should be reversed and the claim dismissed.

CPL 720.35 (subd 1) provides that a youthful offender adjudication is not a judgment of conviction for a crime or any other offense. Subdivision 2 of the same section provides, insofar as is relevant herein: "Except where specifically required or permitted by statute or upon specific authorization of the court, all official records and papers, whether on file with the court, a police agency or the division of criminal justice services, relating to a case involving a youth who has been adjudicated a youthful offender, are confidential and may not be made available to any person or public or private agency * * * [with certain exceptions not applicable here]."

Article 7 of the General Business Law concerns generally the licensing of private investigators and watch, guard and patrol agencies by the Department of State. Section 81 of article 7 of the General Business Law sets forth standards and

procedures to be followed in the hiring of employees by employers subject to article 7. Persons who have been convicted of a felony or of other specified offenses are barred from employment (General Business Law, § 81, subd 1). There is no reference to youthful offender adjudications in section 81. The employer is required to obtain two sets of fingerprints of all employees and to forward one set to the Department of State within 24 hours of employment (General Business Law, § 81, subds 3 and 5). Subdivision 6 of section 81 of the General Business Law, which is crucial to this application, provides insofar as is relevant herein:

"Within five days after the filing of such fingerprints the secretary of state shall cause such fingerprints to be compared with fingerprints filed with the division of criminal identification, records and statistics * * * and, if he finds any *record affecting such prints,* he shall immediately notify the holder of such license certificate and shall also refer the matter to the attorney-general. The secretary of state may also from time to time cause such fingerprints to be checked against the fingerprints filed with the division of criminal identification, records and statistics of the state department of correction or of other official fingerprint files within or without this state, and if he finds that such person has been convicted of a felony or any other offense specified in subdivision one of this section he shall immediately notify the holder of such license certificate and shall also refer the matter to the attorney-general". (Emphasis supplied.)

The State was acting under the authority of this section when it forwarded the claimant's arrest record to his former employer.

The Court of Claims found that the direction to the Secretary of State contained in the first sentence of subdivision 6 of section 81 of the General Business Law, to notify the licensee-employer of "any record affecting such prints" refers only to records of convictions for felonies and other enumerated offenses. This conclusion was largely based upon the fact that employment as a private detective or investigator is totally barred only for those convicted of felonies and other enumerated offenses (General Business Law, § 81, subd 1) and that the second sentence of subdivision 6 of section 81, which concerns subsequent record checks, refers only to certain convictions. The Court of Claims further concluded, in deciding that the claim stated a cause of action, that the language of subdivi-

sion 6 of section 81 of the General Business Law which has been emphasized herein did not "specifically require or permit the release of official records and papers relating to youthful offender cases", a condition precedent to such release under CPL 720.35 (subd 2). We disagree.

We have found no extrinsic aids to the interpretation of the two statutes in issue, but there are certain rules of statutory construction which are of value. Subdivision 6 of section 81 of the General Business Law requires the Secretary of State, upon his check of the records at the time of initial employment, to notify the licensee-employer of "any record affecting such prints". The word "record" is not qualified by such phrase as "of felony convictions" or even "of convictions". New language cannot be imparted into a statute to give it a meaning not otherwise found therein *(Matter of Palmer v Spaulding,* 299 NY 368). Of significance is the fact that the second sentence of subdivision 6, which concerns *subsequent* fingerprint checks by the Secretary of State, refers specifically to records relating to felony and other specified convictions. Such specific reference within the same subdivision as the language in question weighs strongly against any argument that a reference to felony or other conviction was intended to be incorporated into the directions to the secretary at the time of the *initial check* of "any record affecting such prints".

"Generally, a court cannot by implication supply in a statute a provision which is reasonable to suppose the Legislature intended intentionally to omit * * *. [I]f the legislature had intended the statute to include the matter in question, it would have been easy for them to have said so and to have expressly included it. (McKinney's Cons Laws of NY, Book 1, Statutes, § 74.)

The prohibition contained in CPL 720.35 (subd 2) against the release of youthful offender records is limited by the language "[e]xcept where specifically required or permitted by statute". At the time this statute was enacted (L 1971, ch 981), the blanket direction to the Secretary of State to release "any record affecting such prints" (General Business Law, § 81, subd 6), was in effect. The Legislature is presumed to act with deliberation and with knowledge of existing statutes on the same subject (McKinney's Cons Law of NY, Book 1, Statutes, § 222). We find that the record of defendant's youthful offender adjudication is a record "affecting such prints". We find that the Secretary of State is "specifically required * * * by

statute" to release such records within the meaning of CPL 720.35 (subd 2) and that the actions complained of herein by claimant were proper and pursuant to statutory mandate.

Our determination is supported by sound reasons of public policy. In a case decided as recently as 1972, the Court of Appeals considered the firing of a New York City Transit Authority employee as the result of his failure to disclose a youthful offender adjudication on a job questionnaire *(Matter of Cacchioli v Hoberman,* 31 NY2d 287). Judge JASEN, in a concurring opinion in which he was joined by two other members of the court, considered the question of whether a public employer was prohibited by section 720.35 of the Criminal Procedure Law from inquiring on an employment application form as to prior youthful offender adjudications. In concluding that such inquiry was permissible, Judge JASEN reasoned (p 294): "It would be unreasonable to interpret * * * [CPL 720.35] as foreclosing a governmental agency * * * from inquiring into an applicant's prior misconduct in evaluating his fitness for employment as a police officer. The public interest requires that law enforcement officers be of impeccable character and integrity, and in order to properly determine an applicant's character and integrity, the department should know of any prior misconduct. This rule should apply not only to law enforcement officers, but, likewise to other sensitive public positions. For example, a sexual deviate receiving youthful offender status for sexually molesting children would hardly be the one to hire as an attendant at a State school for children."

By similar logic, it is not unreasonable to interpret CPL 720.35 and subdivision 6 of section 81 of the General Business Law, as authorizing the Secretary of State to disclose to a private investigative or detective agency, employers holding public licenses, records of youthful offender adjudications which may bear directly upon the employees' fitness to hold sensitive positions in private employment.

We find no merit to the claimant's argument that there is significance to the reference in subdivision 6 of section 81 of the General Business Law to "the division of criminal identification, records and statistics of the state department of correction" rather than to the Division of Criminal Justice Services of the State Department. A substantial portion of the record-keeping functions of the Department of Correctional Services

was transferred to the Division of Criminal Justice Services of the Executive Department by chapter 654 of the Laws of 1974.

In view of our determination that the acts of the State which are the subject of the instant claim were proper and lawful, we find it unnecessary to consider the State's further claim that it is protected from this suit by the doctrine of sovereign immunity.

The order should be reversed, on the law, and the claim dismissed, without costs.

MAHONEY, J. (concurring). We find CPL 720.35 and section 81 of the General Business Law irreconcilable. The latter section destroys the apparent protection of youthful offenders insured by the provisions of the Criminal Procedure Law in the most critical of areas, securing employment. However, we do not feel a claim lies against the State in an instance where, as here, the official charged with the statutory duty of informing licensees of the past records of job applicants, carried out that duty.

We concur in the result only.

GREENBLOTT, J. P., and REYNOLDS, J., concur with LARKIN, J. SWEENEY and MAHONEY, JJ., concur in the result only in an opinion by MAHONEY, J.

Order reversed, on the law, and claim dismissed, without costs.