■ In the Matter of MICHAEL J. BELL, Respondent, v MICHAEL J. CODD, as Commissioner of Police of the City of New York, et al., Appellants.—Order, Supreme Court, New York County, entered October 27, 1975, annulling the determination of the commissioner and remanding the proceeding to the commissioner for further consideration in accordance with *Kemler v Leary* (39 AD2d 890), reversed on the law; the petition dismissed; and the commissioner's determination terminating the petitioner's employment reinstated, without costs or disbursements. Petitioner, after having taken a competitive civil service examination, was appointed as a probationary police officer with the New York City Transit Authority on December 17, 1973. Prior to his appointment, the petitioner was required to fill out a questionnaire in which he had to list "all arrests and any police investigations not resulting in arrest (Include Juvenile Delinquency, Youthful Offender, Wayward Minor and Family Ct. Proceedings)." The questionnaire also contained the caveat that: "Section 50, Civil Service Law states that a candidate may be rejected 'Who has intentionally made a false statement of a material fact or practiced, or attempted to practice, any deception or fraud

in his application, in his examination, or in securing his eligibility for appointment.' " Petitioner omitted to include all matters involving him in which police investigations were conducted, including a youthful offender adjudication. In addition thereto, petitioner while a probationer had one command discipline and five infractions noted against him. On July 3, 1974, petitioner received notice that his services as a probationary police officer were terminated; no reason was assigned therefor. Petitioner then commenced this article 78 proceeding. Special Term annulled the determination of the commissioner and remanded the matter for further consideration. We would reverse and reinstate the commissioner's determination. At the outset, we note that employment of a probationer may be terminated, as occurred in the case at bar, without assigning a specific reason therefor (see, e.g., *Matter of Ramos v Department of Mental Hygiene of State of N. Y.,* 34 AD2d 925). In the case at bar, the record reveals that petitioner's lack of candor in regard to answering his questionnaire, and his less than sterling performance as a probationer, afforded more than ample basis for the commissioner's determination. We therefore see no useful purpose in remanding for further consideration of the matter. The suggestion of Special Term that further consideration of petitioner's qualifications is necessary, pursuant to *Kemler v Leary* (39 AD2d 890, *supra),* is ill-advised. *Kemler* involved an applicant for a taxi-driver's license whose application was denied based in part on improper consideration of a juvenile delinquency charge against the applicant. The matter was remanded for a hearing *de novo.* It is true that an applicant cannot be disqualified from holding a license or public employment based on a youthful offender adjudication (CPL 720.35, subd 1). This does not mean, however, that in appropriate circumstances the facts underlying a youthful offender adjudication cannot be probed in order to aid in determining the moral fitness of an applicant for a position sought. Public policy would demand that an applicant for the position of police officer, who, by the nature of his duties, is involved in the public welfare in a significant manner, be held to meet a high standard in order to achieve that position *(Matter of Cacchioli v Hoberman,* 31 NY2d 287, 289 [concurring opn per Jasen, J.]). We have accordingly reinstated the determination of the commissioner terminating petitioner's employment. Concur—Kupferman, Lupiano and Lane, JJ.; Murphy, P. J., dissents and votes to affirm for the reasons stated by Mangan, J. [Supreme Court.]