■ In the Matter of JOSEPHINE ROSSI, Petitioner, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents. —Appeal from a judgment of the Supreme Court at Special Term, entered December 27, 1976 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the respondent Commissioner of Education. There is no substantial dispute as to the facts. Petitioner was employed by the respondent board in January, 1975. She received a letter dated July 25, 1975 from the district superintendent stating that the district principal had recommended termination of petitioner's services effective August 31, 1975, and also stating that a recommendation to this effect would be made to the respondent board at a special meeting on August 28, 1975. At that meeting the board voted to discharge petitioner. Petitioner appealed to the Commissioner of Education contending, *inter alia,* that her dismissal was not in accordance with section 3012 of the Education Law. The commissioner found that petitioner had been properly terminated. Petitioner thereafter commenced a proceeding pursuant to CPLR article 78 seeking to annul the determination of the Commissioner of Education. Her application was dismissed at Special Term and this appeal ensued. Section 3012 (subd 1, par [a]) of the Education Law provides that a person with probationary status, as was petitioner, "may be discontinued at any time during such probationary period, on the recommendation of the superintendent of schools, by a majority vote of the board of education." It is petitioner's contention that her services were not discontinued on the recommendation of the district superintendent. She argues that the recommendation of the district superintendent must be in writing or, if not in writing, must be made orally while the superintendent is actually present at the meeting. We disagree. The statute merely requires that a recommendation be made and contains no requirement that the recommendation be in writing nor that the superintendent attend the meeting. The statute is unambiguous and this court will not by implication supply new language to give it a meaning not otherwise found therein (see *Davis v State of New York,* 54 AD2d 126). Furthermore, the record reveals that the board met with petitioner present and "voted to accept the recommendation of the Superintendent of Schools based upon the recom-

mendation of the District Principal" to dismiss petitioner. There is, in our view, substantial evidence to establish that the recommendation was made by the district superintendent of schools. Consequently, there is a rational basis for the commissioner's determination and we must not disturb it. The judgment, therefore, should be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.