In the Matter of EDWARD P. PEREZ, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD, Respondent.

Third Department, December 6, 1979

APPEARANCES OF COUNSEL

*Arthur V. Graseck, Jr.,* for petitioner.

*Robert Abrams, Attorney-General (Lawrence J. Logan* and *Shirley Adelson Siegel* of counsel), for Department of Mental Hygiene.

**OPINION OF THE COURT**

SWEENEY, J.

Petitioner was employed in a probationary position as a trainee at the Kings Park Psychiatric Center, which is under the jurisdiction of the Commissioner of Mental Health (Mental Hygiene Law, § 7.17). In June, 1977 the employer was informed that petitioner had previously been arrested and charged with the crime of criminal sale of a controlled substance in the fifth degree in violation of section 220.34 of the Penal Law. Petitioner was then requested to document the final disposition of this charge and he advised his employer that his arrest resulted in an adjudication as a youthful offender. His employment was subsequently terminated.

On a date not revealed in the record, petitioner instituted an article 78 proceeding, alleging that he was wrongfully discharged from his employment. That proceeding was decided against petitioner and his petition was dismissed. Petitioner also filed a complaint with the State Division of Human Rights, alleging an unlawful discriminatory practice. The complaint was dismissed on the ground that there was no probable cause to believe that respondents had engaged in an unlawful discriminatory practice. This determination was based on the conclusion that petitioner was not protected by the Human Rights Law, but rather, by CPL 720.35. The State Human Rights Appeal Board affirmed and the present proceeding was initiated, pursuant to section 298 of the Executive Law to review the board's determination.

Petitioner contends that the State Division of Human Rights does have jurisdiction, pursuant to subdivision 15 of section 296 of the Executive Law, which provides, in pertinent part, that it shall be an unlawful discriminatory practice to deny employment to an individual "by reason of his having been convicted of one or more criminal offenses" when such denial is in violation of the provisions of article 23-A of the Correction Law. In the enforcement provision of article 23-A, however, it is provided that in relation to actions by public agencies, the provisions of article 23-A shall be enforceable by a proceeding brought pursuant to CPLR article 78 (Correction Law, § 755, subd 1). Consequently, the State Division of Human Rights was precluded from enforcing the provisions of article 23-A of the Correction Law under the present circumstances and petitioner's complaint was properly dismissed. Furthermore, we note that no person who has initiated any

action in a court of competent jurisdiction based upon an act which would be an unlawful discriminatory practice under article 15 of the Executive Law may file a complaint with respect to the same grievance under section 297 of the Executive Law (Executive Law, § 297, subd 9). In other words, a party has an election of remedies *(State Div. of Human Rights v Commissioner of N. Y. State Dept. of Civ. Serv.,* 57 AD2d 699). Here the record is silent as to the date of the commencement of the article 78 proceeding and as to the basis of that proceeding. Thus, without additional proof, we are unable to determine whether the board was precluded from obtaining jurisdiction as a result of petitioner's commencement of an article 78 proceeding. In view of subdivision 1 of section 755 of the Correction Law, however, the board's determination must be confirmed and we need not remit the matter for the submission of additional proof.

The determination should be confirmed, and the petition dismissed, without costs.

HERLIHY, J. (concurring). The issue is not necessarily the inclusion or exclusion of youthful offenders from the class of convicts entitled to the benefits of the Human Rights Law.

It is apparent that subdivision 15 of section 296 was added to the Human Rights Law to provide a forum and/or mechanism for the *enforcement* of the rights and privileges conferred on persons convicted of criminal offenses by article 23-A of the Correction Law enacted at the same time as the said subdivision 15. (See L 1976, ch 931, §§ 5, 6; cf. Correction Law, § 755.) In the case of discrimination by public employers the unqualified provisions of subdivision 15 would be in addition to the right to bring a judicial proceeding.

It is quite certain that article 23-A of the Correction Law does not have any application to youthful offenders and was not intended to give them any rights. (Correction Law, § 751; see, also, *People v Doe,* 52 Misc 2d 656.)

While the present case can be viewed as presenting a sympathetic appeal for the prevention of discrimination against persons such as the petitioner, the inadequacy, if any, of the provisions of CPL 720.35 to fully place the youthful offender in a noncriminal status with society is for the Legislature. It seems necessary to conclude that the Legislature did not intend to include youthful offenders within the protection of the Human Rights Law when one considers that it failed to

include them within the definition of a person in whose favor a civil action or proceeding is terminated pursuant to CPL 160.50 and a new subdivision 14 of section 296 of the Executive Law added by chapter 877 of the Laws of 1976.

In determining whether an applicant for a "sensitive position" is qualified, "moral fitness" is a significant standard and to this extent one should not be able to hide behind his youthful offender status. (See *Matter of Cacchioli v Hoberman,* 31 NY2d 287, 293; *Matter of Bell v Codd,* 57 AD2d 814, 815; *Davis v State of New York,* 54 AD2d 126, 130.)

The cause of action and/or right to relief created by the Human Rights Law to avoid discrimination is statutory in nature and unknown to the common law of the State. It is my opinion that although the statute is to be construed liberally, it should not be extended to classes of persons not clearly intended to be included either expressly or implicitly. The administrative interpretation of the statute by the agencies herein is not irrational or contrary to the express intent of the statute and should be affirmed.

MAHONEY, P. J., KANE and STALEY, JR., JJ., concur with SWEENEY, J.; HERLIHY, J., concurs in a separate opinion.

Determination confirmed, and petition dismissed, without costs.