■ EDWARD P. PEREZ, Respondent, v STATE OF NEW YORK, Appellant.— Appeal from an order of the Court of Claims, entered November 28, 1978, which granted claimant's motion for leave to file a late claim. Arrested for the criminal sale of a controlled substance on March 13, 1975, claimant was ultimately adjudicated a youthful offender by a Suffolk County District Court on July 25, 1975. He thereafter secured a probationary appointment with the Department of Mental Hygiene and served as a therapy aide trainee at the Kings Park Psychiatric Center from January 13, 1977 until he was discharged in July of 1977. It appears that the department became aware of claimant's arrest through information provided by the Division of Criminal Justice Services (DCJS) and that his termination from employment was based, at least in part, on his refusal to supply details of that incident or to answer questions concerning his potential involvement with dangerous drugs. The record further reveals that on May 25, 1978 a decision was rendered by Supreme Court at Special Term, Suffolk County, dismissing claimant's CPLR article 78 proceeding to annul the department's determination on a finding that it had acted in good faith in effecting his discharge. Although not contained in the record, his complaint that the department engaged in an unlawful discriminatory practice also proved unsuccessful *(Matter of Perez v New York State Human Rights Appeal Bd.,* 71 AD2d 150). On August 27, 1978, claimant applied for permission to file a late claim against the State pursuant to subdivision 6 of section 10 of the Court of Claims Act. The proposed claim alleges that DCJS negligently released information it was obliged to maintain as confidential under CPL 720.35 when it advised the psychiatric center that claimant had an arrest record. The motion was granted and this appeal by the State ensued. Over a year elapsed between claimant's dismissal and his present efforts to institute an action against the State for damages, yet no excuse has been offered for his failure to file a timely claim or notice of intention. While that deficiency alone might not be sufficient to defeat claimant's application, the State seriously disputes "whether the claim appears to be meritorious" (Court of Claims Act, § 10, subd 6). To the extent it is predicated on a theory of wrongful discharge from employment, we conclude that it does not. Claimant is plainly bound by the outcome of the CPLR article 78 proceeding which concluded that his termination was valid. However, the proposed claim also asserts that DCJS negligently released information it was obliged to maintain as confidential and, to that extent, the basis of potential State liability involves different considerations. The statute relied upon by claimant provides, in relevant part, that "Except where specifically required or permitted by statute or upon specific authorization of the court, all official records and papers, whether on file with the court, a police agency or the

division of criminal justice services, relating to a case involving a youth who has been adjudicated a youthful offender, are confidential and may not be made available to any person or public or private agency" (CPL 720.35, subd 2). Assuming that a violation of its terms could give rise to a cause of action, a question we have not directly addressed (cf. *Davis v State of New York,* 54 AD2d 126), the State maintains it cannot be held answerable to claimant in damages because DCJS was never made aware of his adjudication as a youthful offender. Its position is supported by an affidavit from an official of the agency reciting that the only material DCJS possessed and supplied to others related to claimant's arrest and that it had never received information concerning the disposition of the charge. Nevertheless, we cannot say the Court of Claims abused its discretion in allowing the claim to be filed late because, at this point, it is not entirely clear that there is factual agreement on this topic. The issue may be resolved in a summary fashion, but the proposed claim, as it presently stands, does not appear to be completely meritless. Should it later be determined the statute was not violated, claimant's alternative contention that the State was negligent in failing to obtain knowledge of his youthful offender adjudication would present complex subsidiary questions since the responsibility for gathering and recording criminal data is not vested in a single agency (Executive Law, §§ 837, 837-b). The process of collecting such information applies equally to all criminal defendants, regardless of the eventual disposition of their individual charges. Whether a failure to carefully excute this function could supply a ground for State liability is uncertain, but it would be premature to conclusively decide that it could not at this stage of the proceedings. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.