OPINION OF THE COURT
Theodore S. Kasler, J.
This is a proceeding brought by petitioners pursuant to CPLR article 78 seeking review of certain administrative actions taken by respondents and seeking to compel respondents to perform what petitioners claim is a duty imposed upon them by law.
In December 1984 the Office of Court Administration (hereafter OCA) gave a competitive examination for the position of senior court reporter which petitioners took and passed. A list of candidates eligible for appointment to that position based upon the December 1984 examination was established by OCA in June 1985. Subsequently, petitioners learned that respondents were seeking to make appointments to the position within the Eighth Judicial District not only from the June 1985 list but also from a list established in June 1983 for the *303 same position. Because petitioners believed that the June 1983 list had terminated by operation of law when the June 1985 list was established, they instituted this proceeding to compel respondents to make appointments only from the June 1985 list.
The Chief Judge of this State has provided "[a] career and merit system” for the employees of the Unified Court System (22 NYCRR 25.2). Consistent therewith, the Chief Judge has delegated to the Chief Administrative Judge responsibility for establishing and implementing personnel policies governing such employees, including scheduling and conducting competitive examinations as required (see generally, 22 NYCRR 25.3 et seq.; 80.0, 80.1). Once such an examination has been held, the Chief Administrative Judge is charged with establishing a list of candidates eligible for appointment to the position for which the examination was given (see, 22 NYCRR 25.13, 25.20, 25.21).
The Rules of the Chief Judge provide that the "duration of an eligible list shall be fixed at not less than one nor more than four years. An eligible list that has been in existence for one year or more shall terminate upon the establishment of an appropriate new list, unless otherwise prescribed by the Chief Administrator of the Courts.” (22 NYCRR 25.19; emphasis added.)
The sole proof[1] introduced at the trial of this matter by either side was the testimony of Robert Simek, Principal Personnel Analyst for OCA, whom I find to have been a credible and forthright witness. Simek has been employed by OCA since 1974, and has held his present position since 1981. He has been delegated the responsibility for the formulation and implementation of personnel policies, including all matters relating to competitive examinations, by the Chief Administrative Judge (see, 22 NYCRR 80.1 [b] [4]).
It has been and continues to be the policy of OCA when giving a competitive examination for a position, and thereafter establishing a list of candidates eligible for appointment thereto, to continue in existence, whenever possible and practical, any previously established list for the position. Indeed, *304 extension of such prior lists is deemed by OCA to be the norm rather than an exception to its policy. The decision to extend a prior list is made by the principal personnel analyst (here, Simek) in consultation with his personnel staff, on a case-by-case basis but without any consultation with the Chief Administrative Judge. However, any decisions not to extend (by affirmative act or by default through operation of law) a prior list is made only in consultation with the Chief Administrative Judge because of the adverse implications to those on such lists. At least in the case of a decision to extend a prior list when a new list is established, no written memorandum thereof is made.
In the specific case of the 1983 list for the position of senior court reporter, Robert Simek made a decision to extend that list sometime shortly before the June 1985 list was established. While there is nothing in writing to reflect Simek’s decision, his testimony on that point was, as noted supra, credible and unrebutted.
I find that the Chief Administrative Judge is entitled to delegate to any of his assistants any of his powers or functions. I further find that he has lawfully delegated his powers, duties and responsibilities for OCA personnel matters (and, more specifically, for the area of competitive examinations and lists of eligible candidates for appointment to positions within the Unified Court System) to his Principal Personnel Analyst, Robert Simek. Finally, I find that Simek properly determined to extend the June 1983 list for the position of senior court reporter just before the June 1985 list for the same position was established.
While petitioners correctly argue that there is no writing which evidences a timely decision to extend the June 1983 list, the rules under which OCA is governed do not require such a decision to be so memorialized. The terms "otherwise prescribed” which is the crux of 22 NYCRR 25.19 in this case is broadly written and, therefore, must be broadly construed. Although it might be deemed preferable to have a decision to extend such a prior list made in writing,[2] this court cannot *305 substitute its predilections for the plain and unambiguous language of the rule. (See, Matter of Rossi v Nyquist, 59 AD2d 1001; see also, Matter of Diocese of Rochester v Planning Bd., 1 NY2d 508, 520.)
It is equally of no moment that OCA chooses, as a matter of personnel policy, to put its decisions not to extend a list in writing after consultation with the Chief Administrative Judge but not to so delineate decisions to extend a prior list which are made solely by the principal personnel analyst as part of his delegated duties. While this may appear at first blush to turn the rule stated in 22 NYCRR 25.19 on its head, in reality it is merely an administrative preference for making certain decisions in writing and others not. As such, the policy is unremarkable and within OCA’s administrative discretion. At bottom, it is clear that OCA correctly interprets 22 NYCRR 25.19 to mean that it has discretion to extend prior lists on a case-by-case basis, or not to extend them. OCA’s actions here are fully consistent with the rule and its interpretation of it and I find nothing arbitrary or unreasonable about either.
For the reasons stated, I find that respondents have acted reasonably within the administrative discretion accorded them by law and I find that appointments to the position of senior court reporter within the Eighth Judicial District may be made from either the June 1983 or June 1985 list for that position.
Accordingly, the petition must be, and it hereby is, dismissed and the stay previously granted by this court is dissolved.

. Respondents tendered to the court upon the trial an affidavit from the Honorable Robert Sise, presently Deputy Chief Administrative Judge of the Unified Court System for the courts outside the City of New York. As there is no valid basis for admission into evidence of such affidavit, it has not been considered by me here.

. It is worth noting in this regard that without making its decisions to extend prior lists in writing, and making such decisions known to persons affected thereby, OCA fails to trigger in each instance the four-month Statute of Limitations for challenging its actions (see, CPLR 217). Thus, OCA is left needlessly vulnerable to seriatim litigation from one judicial district to another as candidates are canvassed for possible appointments. (See, *305 Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832; Matter of Martin v Ronan, 44 NY2d 374.)