OPINION OF THE COURT
John P. Lane, J.
In this action, David Yanicki seeks damages for "defamation in the form of slander and general negligence” alleging that in 1991 members of the State Police told reporters from two newspapers that he had been convicted of a felony in a 1960 armed robbery case. The claim was filed late pursuant to orders of Judge McMahon, who has since retired. The gravamen of the claim is that claimant was not convicted of a felony, but *150 was only adjudicated a youthful offender (YO), a fact the police were bound by CPL 720.35 not to disclose.[1]
Contending that the causes of action pleaded lack merit, the State moves for summary judgment dismissing the action. Claimant opposes the motion, asserting in part that information given to the newspapers by the State Police was slanderous per se as there was no felony conviction, only a YO adjudication and cross-moves to amend the claim to allege causes of action for intentional infliction of emotional distress, invasion of privacy and damages under 42 USC § 1983 for violation of a constitutional right of privacy.
The motion and cross motion are before the court on attorney affidavits, rather than evidentiary affidavits establishing what, if anything, the State Police told the news reporters. Thus, the court cannot summarily determine whether the police slandered claimant by falsely reporting that he had been convicted of a felony. On the other hand, it appears that both parties see the claim as seeking recovery of damages for violation of CPL 720.35 as well as defamation. That section only prohibits disclosure of "official records and papers * * * relating to a case involving a youth who has been adjudicated a youthful offender” (CPL 720.35 [2]), not information about the facts of the case.
Does violation of this statute give rise to an implied private cause of action for damages? The answer to this question depends upon whether claimant is one of the class for whose benefit it was enacted; and whether such an action is consistent with the statute’s legislative history and underlying scheme. (See, Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314.) The YO procedure provides an opportunity for certain young offenders to be insulated from the life-long stigma of a criminal conviction and an opportunity to avoid harsh sentences of imprisonment and loss of civil qualifications and rights. Certainly, claimant was a member of the class intended to be benefitted by this procedure. Whether he lost that status through the passage of time, as the State contends, need not be determined. CPL article 720 does not expressly au *151 thorize a civil remedy for breach of its confidentiality provisions.[2] Nor is there anything in its legislative history signaling an intent to create a private right of action. Furthermore, achievement of its objective, limited access to YO records held by public agencies, will not be enhanced by a civil remedy.
The Court of Appeals has ruled that the confidentiality component of CPL 720.35 is intended only to assure that the youthful offender does not suffer a stigma or disability from a criminal conviction, not to prevent press attendance at and reporting of a sentencing proceeding after adjudication (Matter of Capital Newspapers Div. of Hearst Corp. v Moynihan, 71 NY2d 263, 272; see also, People v Vidal, 26 NY2d 249 [allowing cross-examination of a defendant on the underlying illegal and immoral acts that resulted in an earlier youthful offender adjudication]; Matter of Bell v Codd, 57 AD2d 814 [holding that the purpose of CPL 720.35 does not prohibit requiring an applicant for appointment as a police officer to disclose a YO adjudication and the underlying facts]). No criminal penalty is provided for a breach of this confidentiality mandate, although such a penalty would not necessarily suggest the existence of a civil remedy. (See, CPC Intl. v McKesson Corp., 70 NY2d 268 [holding that there is no civil remedy for violation of General Business Law § 352-c, a penal provision]; Gomariz v Foote, Cone & Belding Communications, 228 AD2d 316 [holding that Judiciary Law § 519 making it a misdemeanor to fire an employee for serving on a jury does not impliedly create a private civil cause of action].) These decisions lead to the conclusion that the underlying scheme of article 720 does not imply the existence of a private remedy for breach of its confidentiality provision. Therefore, the motion is granted to the extent that it seeks a determination that there is no cause of action for damages arising from a disclosure prohibited by CPL 720.35.
Public policy prohibits a claim for intentional infliction of emotional distress against the State. (De Lesline v State of New York, 91 AD2d 785, lv denied 58 NY2d 610.) There is no common-law right to privacy in New York nor any cause of action for violation of a privacy right except as provided by Civil Rights Law §§ 50 and 51 (Arrington v New York Times Co., 55 NY2d 433, 439-440, cert denied 459 US 1146), which have no bearing on this case. While it is doubtful that there is a Federal right to privacy in a case such as this, 42 USC § 1983 does not *152 provide a remedy against the State. (Brown v State of New York, 89 NY2d 172, 184-186.)
The motion is granted in part and otherwise denied; the cross motion is denied in full. This claim was filed almost five years ago. It appears that little has been done to prepare it for trial. The parties shall complete all disclosure by June 20, 1997 and claimant shall serve and file a note of issue and certificate of readiness by June 30. Motions for summary judgment will not be heard after July 30. Trial of liability and damages will commence on August 13.

. Judge McMahon’s first order allowed a claim pleading defamation to be filed. His second order permitted the filing of an amended claim adding a cause of action "for negligent release of confidential information.” The amended claim refers to general negligence which the court will limit as Judge McMahon directed. Also, it dropped the following language found in the original claim, "Police were under a duty not to disclose. The claim arose when State”, which the court will deem included.

. The same can be said of similar Code of Criminal Procedure provisions in effect at the time of claimant’s adjudication.