■ In the Matter of GEORGE W. JOHNSON, Appellant, v E. VIRGIL CONWAY et al., Respondents. [725 NYS2d 545] —Judgment, Supreme Court, New York County (Stanley Sklar, J.), entered on or about May 24, 2000, which denied petitioner's application to annul respondents' rejection of petitioner's application for employment as a transit police officer, and dismissed the petition, unanimously affirmed, without costs.

Respondents lawfully considered the record of petitioner's traffic violations (Executive Law § 296 [15]; Correction Law § 750 [5]), and the circumstances underlying his record of arrests (Executive Law § 296 [16]; Public Authorities Law § 1266-h [1]), notwithstanding that he would have received youthful offender status had he been convicted (see, Matter of Bell v Codd, 57 AD2d 814, 815). Their determination, based in part thereon, and in part on the reservations expressed in writing of the two evaluators who had interviewed the petitioner, was rational (see, id., citing Matter of Cacchioli v Hoberman, 31 NY2d 287, 289 [Jasen, J., concurring]). Concur—Sullivan, P. J., Rosenberger, Ellerin, Wallach and Marlow, JJ.

■ ERNEST W. CARTER, III, Respondent, v ROSA ROSA, INC., et al., Appellants, et al., Defendant. [725 NYS2d 202] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about January 10, 2001, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Appellants George Zambrano and his business, Rosa Rosa, Inc., are sued in their capacity as owners of the vehicle which, while operated by defendant George Franco, struck plaintiff's vehicle, causing various injuries to plaintiff. Although appellants maintain that they never gave Franco permission to use their vehicle, their evidentiary showing in support of that contention was not sufficiently substantial to overcome the strong statutory presumption of permissive use (see, Vehicle and Traffic Law § 388). The testimony in support of appellants' motion for summary judgment by witnesses, all of whom are closely related and obviously interested in a favorable outcome for defendant Zambrano and his business, was rife with inconsistencies and raises credibility issues inappropriate for resolution on a motion for summary judgment. Concur—Sullivan, P. J., Rosenberger, Ellerin, Wallach and Marlow, JJ.