[907 NYS2d 817]

JESSIE ANDERSON-HAIDER, Claimant, v STATE OF NEW YORK, Defendant. (Claim No. 116711.)

Court of Claims, September 2, 2010

## APPEARANCES OF COUNSEL

*Andrew M. Cuomo, Attorney General* (*Kimberly A. Kinirons* of counsel), for defendant. *Arthur V. Graseck, Jr.,* for claimant.

## OPINION OF THE COURT

CHRISTOPHER J. MCCARTHY, J.

The claim, which was filed with the Clerk of the Court on April 15, 2009, alleges that, on or about January 21, 2009, the State Division of Criminal Justice Services (DCJS) disclosed claimant's criminal history to claimant's employer, the State Office of Mental Retardation and Developmental Disabilities. It is alleged that the disclosure included a 1980 youthful offender adjudication of claimant. It is asserted that, under applicable law, the youthful offender adjudication was wrongfully disclosed. Claimant asserts that the defendant was negligent in improperly disclosing this information.

Summary judgment is a drastic remedy to be granted sparingly and only where no material issue of fact is demonstrated in the papers related to the motion (*see Crowley's Milk Co. v Klein,* 24 AD2d 920 [3d Dept 1965]; *Wanger v Zeh,* 45 Misc 2d 93, 94 [Sup Ct, Albany County 1965], *affd* 26 AD2d 729 [3d Dept 1966]). "The proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404 [1957]).

The State makes two arguments in support of its motion. First, defendant argues that Criminal Procedure Law article 720 does not authorize a civil remedy for a breach of confidentiality and, thus, claimant has no cause of action. Second, the State asserts there is no basis for liability against the State because defendant owed no special duty to claimant.

As stated above, the State's first argument is that CPL article 720 sets forth the requirements for and procedure used in adjudicating a defendant a youthful offender. CPL 720.35 provides that all records of a youthful offender adjudication are confidential and can only be disclosed under limited circumstances, which defense counsel admits are not present in this case. Counsel asserts, however, that CPL article 720 does not authorize a civil remedy for a breach of confidentiality and,

thus, that claimant has no cause of action. Defendant relies upon *Yanicki v State of New York* (174 Misc 2d 149 [Ct Cl 1997]). In *Yanicki*, the claimant sought damages for defamation and negligence, alleging that members of the State Police informed members of the media that the claimant had been convicted of a felony over 30 years earlier. The claimant asserted that he had not been so convicted but, rather, was adjudicated a youthful offender. The State moved for summary judgment dismissing the action. The court noted that "both parties [appear to] see the claim as seeking recovery of damages for violation of CPL 720.35 as well as defamation" (*Yanicki v State of New York*, 174 Misc 2d at 150).

The court held:

"CPL article 720 does not expressly authorize a civil remedy for breach of its confidentiality provisions. Nor is there anything in its legislative history signaling an intent to create a private right of action. Furthermore, achievement of its objective, limited access to YO records held by public agencies, will not be enhanced by a civil remedy." (*Id.* at 150-151.)

The *Yanicki* court, therefore, granted defendant's motion to the extent there is no cause of action for damages arising from a disclosure prohibited by CPL 720.35 (*id.* at 151).

In opposition to the motion, claimant relies upon *Davis v State of New York* (84 Misc 2d 597 [Ct Cl 1975], *revd* 54 AD2d 126 [3d Dept 1976]). In *Davis*, the claim alleged that the State Department of State released confidential information to the claimant's former employer, in violation of CPL 720.35. The Court of Claims dismissed the claim as untimely served and filed and then granted the claimant's request for permission to serve and file a late claim pursuant to Court of Claims Act § 10 (5).* The *Davis* court found that the State's review of claimant's record and notification to his employer was done pursuant to a mandatory statutory duty and that no discretion was involved. Rather, it was a purely ministerial act arising out of the daily operation of government (*Davis v State of New York*, 84 Misc 2d at 604). The court did not address directly whether or not the statute authorized a civil remedy for breach of its confidentiality provisions. The Appellate Division, Third Department (*Davis v State of New York*, 54 AD2d 126 [1976]) reversed the determination of the Court of Claims, however, and dismissed the

---

* The current provision of the Court of Claims Act permitting the court to allow the filing of a claim late is section 10 (6).

claim on the basis that the State was acting under the authority of General Business Law, article 7, § 81 when it sent the claimant's arrest record to his former employer (*id.* at 128). The appellate court, likewise, did not address whether or not the statute authorized a civil remedy for breach of its confidentiality provisions. Claimant asserts that *Davis* "suggests that there is a right of action for improper disclosure of a youthful offender adjudication" (claimant's affidavit in opposition to motion, ¶ 2). The Third Department itself, however, subsequently pointed to *Davis* when it stated that the court had not "directly addressed" whether or not a violation of CPL 720.35 (2) "could give rise to a cause of action" (*Perez v State of New York*, 75 AD2d 683, 684 [3d Dept 1980]).

Thus, the only case directly on point is *Yanicki*. This court finds Judge Lane's reasoning and analysis in *Yanicki* to be persuasive and agrees with his conclusion that no private right of action exists for breach of the confidentiality provisions of CPL article 720.

The court next will address the State's second argument, that the claim should be dismissed because defendant does not owe any special duty to claimant and, thus, there is no basis for liability against the State.

Discretionary governmental acts "may never be a basis for liability" (*McLean v City of New York*, 12 NY3d 194, 202 [2009]). When ministerial failures are alleged—such as the failure to keep confidential records confidential—liability attaches "only where a special duty is found" (*id.*; *see Hajdari v State of New York*, Ct Cl, Mar. 9, 2010, Scuccimarra, J., claim No. 117339, UID No. 2010-030-005). In *McLean*, the Court of Appeals observed:

> "As we said in *Pelaez* [*v Seide*, 2 NY3d 186 (2004)]:
> " 'A special relationship can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation.' (2 NY3d 199-200 [citation omitted]; *see also Garrett* [*v Holiday Inns*, 58 NY2d 253], 261-262 [1983].) . . .
> "In *Pelaez*, we elaborated further on the 'statutory duty' prong of the special relationship rule. We said:

" 'To form a special relationship through breach of a statutory duty, the governing statute must authorize a private right of action. One may be fairly implied when (1) the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) recognition of a private right of action would promote the legislative purpose of the governing statute; and (3) to do so would be consistent with the legislative scheme (*see Sheehy v Big Flats Community Day*, 73 NY2d 629, 633 [1989]). If one of these prerequisites is lacking, the claim will fail.' (2 NY3d at 200.)" (*Id.* at 199-200.)

Defendant asserts that there is no evidence that the State owed a special duty to claimant. As noted above, the court has determined that the statute does not authorize a private right of action (*Yanicki v State of New York*, 174 Misc 2d 149 [1997]). Claimant does not assert that the State either voluntarily assumed such a duty or that it assumed positive direction and control in the face of a known, blatant and dangerous safety violation.

Based upon this record, the court finds that defendant's submissions in support of its motion for summary judgment satisfy the prima facie showing required to warrant judgment as a matter of law if not rebutted by claimant.

Given defendant's prima facie showing, it is incumbent upon claimant to produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which she rests her claim, or else she must demonstrate an acceptable excuse for her failure to meet the requirement; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 281-282 [1978]; *Fried v Bower & Gardner*, 46 NY2d 765, 767 [1978]; *Platzman v American Totalisator Co.*, 45 NY2d 910, 912 [1978]; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 290 [1973]).

In opposition to the motion, claimant has submitted an affidavit wherein she asserts that this court should rely upon the Court of Claims decision in *Davis v State of New York* (84 Misc 2d 597 [Ct Cl 1975], *revd* 54 AD2d 126 [3d Dept 1976]) to find that a private cause of action exists. Claimant does not address the State's assertion that claimant has not established that the State owed her a special duty not owed to the general public.

The court concludes that claimant's submission is insufficient to overcome defendant's prima facie showing of entitlement to judgment in its favor. Therefore, based upon the foregoing, the State's motion for summary judgment dismissing the claim on the basis of no private right of action and failure to establish that the State owed claimant a special duty not owed to the general public is granted. The claim is dismissed.